Per Curiam.
 

 The County of Nassau contends that the statute which created the Metropolitan Transportation Authority (MTA)
 
 [1]
 
 is unconstitutional, particularly insofar as it empowers the MTA to certify and collect from the county the cost of maintenance and operation of Long Island Bail Boad (LIBB) passenger stations in Nassau. More specifically, the county urges that (1) the statute created the MTA as a “ super-local-government,” and should be declared unconstitutional for the reason that the Authority has been given the power to tax in violation of section 1 of article XVI, and section 3 of article
 
 *390
 
 VIII, of the State Constitution and for the further reason that its members are appointed in violation of the one man-one vote principle; (2) if the MTA is not a “local government,” it is either an administrative body established without constitutionally adequate standards to govern its operations or a state agency with the power to disburse funds without legislative appropriation as required by section 7 of article VII of the Constitution ; and (3) section 1277 of the Public Authorities Law, by retroactively altering the county’s obligation to the railroad ánd the MTA, violates the Constitution’s Home Rule provision (art. IX, § 2, subd. [b], par. [2]). We find these submissions to be without merit.
 
 [2]
 

 The ‘ ‘ super-government ’ ’ argument must fail, since the MTA does not have the power to tax. In assessing costs upon the county for station operation, the Authority simply determines the amount of, and requests payment for, charges which the Legislature has empowered it to collect. There is no levy of taxes by the MTA. And, certainly, there is no constitutional requirement that the members of the Authority be elected rather than appointed. (See
 
 Hadley
 
 v.
 
 Junior Coll. Dist.,
 
 397 U. S. 50, 58;
 
 Sailors
 
 v.
 
 Board of Educ.,
 
 387 U. S. 105, 110.)
 

 As to the county’s second contention—that the MTA is an improperly created State agency—it is sufficient to note that the statutory standards under which the Authority operates are “as detailed * * * as is reasonably practicable”
 
 (Matter of City of Utica
 
 v.
 
 Water Pollution Control Bd.,
 
 5 N Y 2d 164, 169), providing as they do only a limited discretion in the process of fixing costs to be charged to the county. Nor is there basis for the contention that the MTA has been authorized to disburse its revenues in violation of constitutional strictures (art. VII, § 7), since these moneys are not a fund under the management of the State contemplated by the Constitution. (See, e.g.,
 
 Saratoga Harness Racing Assn.
 
 v.
 
 Agriculture & N. Y. State Horse Breeding Development Fund, 22
 
 N Y 2d 119, 123.)
 

 The county’s Home Rule argument is predicated on the fact that section 1277—which allows the MTA to charge the costs
 
 *391
 
 of station operation to the county-—-superseded a contract between the county and the LIRE calling for smaller payments than the MTA requests. The county claims that such action can only be taken pursuant to a “ general ’ ’ law, and that section 1277 is not such a law. We disagree. The legislation transcends the concerns of Nassau County alone and affects a sizable portion of the State as a whole. (See, e.g.,
 
 New York Steam Corp.
 
 v.
 
 City of New York,
 
 268 N. Y. 137;
 
 Robertson
 
 v.
 
 Zimmermann,
 
 268 N. Y. 52.) As such, it is sufficiently “ general ” within the sense of the constitutional provision (art. IX, § 2, subd. [b], par [2]).
 

 The county also makes several nonconstitutional claims, namely, that certain cost items are improper and that it is entitled to an offset in the amount owed. These, too, are without substance and are adequately discussed and disposed of in the opinion below.
 

 The order appealed from should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.
 

 [1]
 

 . Public Authorities Law, art. 5, tit. 11, § 1260
 
 et seq.
 
 (L. 1965, ch. 324).
 

 [2]
 

 . These same points were advanced by Nassau County in the brief which it submitted as
 
 amicus curiae
 
 in
 
 Metropolitan Transp. Auth.
 
 v.
 
 City of New York
 
 (26 N Y 2d 817).