OPINION OF THE COURT
George D. Burchell, J.
This is an action in which the plaintiff seeks a judgment *239 declaring ECL 24-0501 and ECL 24-0903 unconstitutional. The defendants’ motions to dismiss the complaint are denied, and the court will adjudicate the respective rights of the parties. (See Lanza v Wagner, 11 NY2d 317, 334.) The thrust of the plaintiffs action is that ECL 24-0501 and ECL 24-0903 violate paragraph (1) of subdivision (b) of section 2 of article IX of the New York State Constitution.
The Freshwater Wetlands Act (L 1975, ch 614) was enacted for the purpose of conserving freshwater wetlands and to regulate their use and development (ECL 24-0103). The overall scheme of the act is to require local governments, under the supervision of the Commissioner of Environmental Conservation, to adopt regulations for the purpose of contracting the use and development of wetlands (ECL 24-0301, 24-0501, 24-0503, 24-0701, 24-0903).
In particular ECL 24-0501 provides that within one year from the effective date of the statute, each local government may adopt and implement a freshwater wetlands protection law or ordinance and upon filing of a map identifying the wetlands (ECL 24-0301), implement that law or ordinance regulating the use and development of the lands identified on the map. Any local wetlands protection law or ordinance shall not be less protective of freshwater wetlands nor affect the activities exempted from permit (ECL 24-0701). In the event a city, town or village fails to adopt or implement a freshwater protection law or ordinance within a prescribed period, that locality will be deemed to have transferred the function to the county in which it is located. If the county fails to adopt a freshwater wetlands act within a prescribed period, the county will be deemed to have transferred the function to the Department of Environmental Conservation (ECL 24-0503).
Upon completion of the map, the commissioner must classify the wetlands designated thereon according to their appropriate uses and existing conditions. The commissioner should determine the compatible uses of the wetlands and prepare minimum land use regulations to permit those uses. Thereafter the commissioner must forward his regulations to the local governments and within six months thereafter, the local governments shall submit their own proposed regulations governing the use of wetlands within the boundaries of the local government. Where the local regulations do not meet the minimum land use regulations determined by the commissioner, the commissioner may approve the local regulation or *240 frame land use regulations for that particular local government (ECL 24-0903).
The plaintiff herein has not adopted or passed a wetlands protection law or ordinance. The defendant, County of Orange, has enacted a local law which provides for the protection, regulation and preservation of wetlands within the boundaries of the county.
The plaintiff contends that ECL 24-0501 and ECL 24-0903 violate the "home rule” protections of paragraph (1) of subdivision (b) of section 2 of article IX of the New York State Constitution in that those sections of the Freshwater Wetlands Act are laws that impair the power of the plaintiff granted to it by subdivision 7 of section 10 of the Statute of Local Governments.
Paragraph (1) of subdivision (b) of section 2 of article IX provides:
"Subject to the bill of rights of local governments and other applicable provisions of this constitution, the legislature:
"(1) Shall enact, and may from time to time amend, a statute of local governments granting to local governments powers including but not limited to those of local legislation and administration in addition to the powers vested in them by this article. A power granted in such statute may be repealed, diminished, impaired or suspended only by enactment of a statute by the legislature with the approval of the governor at its regular session in one calendar year and the re-enactment and approval of such statute in the following calendar year”.
Section 10 of the Statute of Local Governments, grants to local governments the power to adopt zoning regulations and to perform comprehensive or other planning works related to its jurisdiction. Accordingly, the plaintiff contends that since ECL 24-0501 and ECL 24-0903 deprive the plaintiff of the right to refuse to have wetland laws or the right to adopt those laws it deems appropriate, those sections are violative of its powers as a local government.
Conversely, the defendants content that ECL 24-0501 and ECL 24-0903 promote a State interest and do not require legislative re-enactment pursuant to article IX of the State Constitution. The defendants rely upon paragraph (3) of subdivision (a) of section 3 of article IX of the New York State Constitution which provides:
*241 "Except as expressly provided, nothing in this article shall restrict or impair any power of the legislature in relation to: * * *
"(3) Matters other than the property, affairs or government of a local government.”
Further, the defendants point to subdivision 4 of section 11 of the Statute of Local Governments which excluded from the scope of the grant of powers to local governments the right to enact any law relating to a matter other than the property, affairs or government of a local government.
Encroachment upon the zoning and planning powers of local governments by the State has been held to be proper when the subject of such legislation is a legitimate matter of State concern. (Wambat Realty Corp. v State of New York, 41 NY2d 490; Floyd v New York State Urban Dev. Corp., 33 NY2d 1; Metropolitan Transp. Auth. v County of Nassau, 28 NY2d 385; City of Rye v Metropolitan Transp. Auth., 24 NY2d 627; Adler v Deegan, 251 NY 467.)
In viewing such controversies, the court must be guided by the maxims recently enunciated by the Court of Appeals in Wambat (supra, p 498): "Such a controversy is not resolvable by the principles designed to encourage strong, decentralized, local government in matters exclusively of local concern and to restrain the State from paternalistic interference with local matters. The issue is much larger. It is whether the State may override local or parochial interest when State concerns are involved. That issue is, and has been, resolved in favor of State primacy. The price of strong local government may not be the destruction or even the serious impairment of strong State interests. Both article IX of State Constitution and the Statute of Local Governments make patently clear that that is how the issue should be resolved. For that reason there appear the multiplication of provisos and exceptions in article IX and in the Statute of Local Governments. They are not the product of clumsy draftsmanship but of a fine-tuned sensitivity to the difficult problem of furthering strong local government but leaving the State just as strong to meet the problems that transcend local boundaries, interests and motivations.”
The mere statement by the Legislature that subject matter of the statute is of State concern (ECL 24-0105, subd 4) does not in and of itself create a State concern nor does it afford the statute such a presumption. But a statute under *242 constitutional attack must be afforded a strong presumption of validity and the party attacking the constitutionality of the statute bears a heavy burden. (See Nettleton Co. v Diamond, 27 NY2d 182, 193; Fenster v Leary, 20 NY2d 309, 314; Matter of Van Berkel v Power, 16 NY2d 37, 40.)
If it can be stated that the statutes in question "serve a supervening State concern transcending local interests” (Wambat, supra, p 495), the attack by the plaintiff must fail. In making such a determination, the court is mindful of the caveat expressed in Baldwin v City of Buffalo (6 NY2d 168, 173): "The task of the judiciary has been, and is, to determine whether a specific act comes within the scope of the phrase 'property, affairs or government’ of a municipality. This phrase has been narrowly construed [citations omitted], but if the phrase is to have any meaning at all there must be an area in which the municipalities may fully and freely exercise the rights bestowed on them by the People of this State in the Constitution. The lines of demarcation are, concededly, not precise and they must be defined on a case-by-case basis, but they must exist, else '[h] one rule for cities, adopted by the people with much ado and after many years of agitation, will be another Statute of Uses, a form of words and little else, if the courts in applying the new tests shall ignore the new spirit that dictated their adoption. The municipality is to be protected in its autonomy against the inroads of evasion.’ ”
In the past, the Court of Appeals has upheld the constitutionality of legislative enactments which have encroached upon the zoning powers of local government in a limited fashion. The right of the State to place public housing (Floyd, 33 NY2d 1, supra), a highway or bridge (City of Rye, 24 NY2d 627, supra) at specific location within a town or city in contravention of that locality’s zoning ordinance has been upheld because those matters were of State concern. The statutes in question go further in that they grant to an appointed officer of the State the right to possibly dictate to local governments how they shall plan, use and zone the entire land mass within their boundaries. While the court is mindful of the protections of the statute, those protections do not in themselves alleviate the need of establishing the element of State concern.
In Wambat (41 NY2d 490, supra), the Court of Appeals upheld the constitutionality of the Adirondack Park Agency Act (Executive Law, art 27) which prevented local govern *243 ments surrounding Adirondack Park from freely exercising their zoning and planning powers. The statute under scrutiny in Wambat (supra) provided for a comprehensive zoning and planning program with restrictions on land use within the boundaries of a group of local governments. Unlike the Adirondack Park Agency Act or the Tidal Wetlands Act (ECL art 25), which cover specific areas within the State, the Freshwater Wetlands Act is broad enough to cover the land use of every governmentality within the State.
As a matter of constitutional construction, the court must consider the directive contained in Floyd (supra, p 6): "A general law * * * applicable to all municipalities, cannot be construed as a law designed to be disruptive of the property or affairs 'of a local government.’ The two-legislative-session approval provision (N. Y. Const., art. IX, § 2, subd. [b], par. [1]) reasonably applies only where a special act, disruptive of the powers of a particular municipality, is involved.”
In reviewing the purposes and functions of the statutes in question, it appears that the legislation is addressed to an issue of substantial State concern. (Adler v Deegan, 251 NY 467, supra.) No supportive reasoning can categorize the preservation of natural resources as a matter of local concern. (See Wambat, supra, p 491.) Like the control of air pollution, the preservation of freshwater wetlands has to have broader protections because of the substance of the resource transcends local boundaries.
Accordingly, the court awards a judgment to the defendants declaring ECL 240501 and ECL 24-0903 to be constitutional and not violative of article IX of the New York State Constitution.