OPINION OF THE COURT
Meyer, J.
The limitation upon the power of the Legislature to act by special law in relation to the property, affairs or government of a local government contained in article IX (§ 2, par [b], cl [2]) of the New York Constitution must be read together with section 3 (par [a], cl [3]) of the same article, which declares that, “Except as expressly provided, nothing in this article shall restrict or impair any power of the legislature in relation to: * * * Matters other than the property, affairs or government of a local government.” So read the limitation applies only to a special law which is directly concerned with the property, affairs or government of a local government and unrelated to a matter of proper concern to State government. Although ECL 27-0704, which limits disposal of solid waste by landfill in Nassau and Suffolk Counties, is a special law which affects town property (the continued use of existing landfills and the use of presently owned town property for new landfills) its purpose is the protection of the sole source aquifer for Nassau, Suffolk and part of Queens from pollution, a matter of State concern. It was, therefore, within the power of the Legislature under article IX (§ 3, par [a], cl [3]) to enact the Environmental Conservation Law section without the request or message of necessity referred to in section 2 (par [b], cl [2]) of that article. The judgment of Special Term, Suffolk County, *53 should be reversed, with costs, and the matter remitted to that court with directions to enter partial judgment declaring ECL 27-0704 not to violate article IX (§ 2, par [b], cl [2]) of the Constitution, and for further proceedings on the remaining causes of action.
I
Begun by order to show cause and petition, this proceeding, in seven causes of action, seeks both review of administrative action and a declaratory judgment. Special Term, without passing on other issues, held that ECL 27-0704 had been enacted in violation of article IX (§ 2, par [b], cl [2]) of the State Constitution and that Michael A. LoGrande had been added to the amended petition as a party in violation of CPLR 401, and entered judgment declaring the statute invalid and ineffective and ordering LoGrande deleted as a party to the proceeding.[1] The matter is before us on direct appeal by respondents pursuant to CPLR 5601 (subd [b], par 2).
The bill which became ECL 27-0704 was a Governor’s Program Bill. The memorandum submitted to the Legislature stated the purpose of the bill to be “to phase out landfilling as a solid waste management practice and to accelerate the transition to resource recovery on Long Island. This measure is essential to protect the integrity of Long Island’s sole source aquifer” (1983 McKinney’s Session Laws of NY, p 2502).[2] In support of *54 the bill it also noted that, “Landfilling on Long Island has imperiled the integrity of its sole source aquifer. Continuation of these practices threatens to permanently pollute the drinking water supply for Long Island. Technology for resource recovery exists but implementation, has proven difficult. This bill is designed to provide cut off dates beyond which landfilling will b e reduced to an essential minimum’’ (id., p 2502).
The bill was enacted as chapter 299 of the Laws of 1988. Entitled as an act to amend the Environmental Conservation Law “in relation to land burial and disposal of solid waste in the counties of Nassau and Suffolk,” the act contained in its section 1 legislative findings that: “the land burial and disposal of domestic, municipal and industrial solid waste poses a significant threat to the quality of groundwater and therefore the quality of drinking water in the counties of Nassau and Suffolk. This threat is particularly dangerous since the potable water supply for the counties is derived from a sole source aquifer. Scientific evidence and analysis have identified the incapacity of land burial and disposal to isolate leaching chemicals and gases from the surrounding environment over the long term. Resource recovery of these wastes poses minimal threats to groundwater quality.”
The order to show cause by which the proceeding was commenced sought judgment pursuant to CPLR article 78 and article 30 for the relief sought in the complaint. Respondents cross-moved for summary judgment. Special Term, noting that the act was specific in referring only to Nassau and Suffolk Counties and that its legislative findings contained no statement that its subject was of State-wide concern, and concluding that prior cases which had held enactments not in violation of article IX of the Constitution, or predecessor provisions, had involved statutes State-wide in application or which could be characterized as “ordinary” legislation, held the section invalid because unconstitutionally enacted. We now reverse.
II
Provisions intended to provide some degree of autonomy to some or all local governments have been included in the Constitution of the State of New York since 1894, and all but one have *55 framed the attempt to divide functions between State and local governments in terms of “property, affairs or government.”[3] That the effort seeks to divide what is essentially indivisible by any scientific method of classification and has been productive of a great deal of uncertainty is attested by both academic writings (Asch, Municipal Home Rule in New York, 20 Brooklyn L Rev 201, 236; McBain, New York Proposal for Municipal Home Rule, 37 Political Sci Q 655, 661-663, 668; Richland, Constitutional City Home Rule in New York, 54 Col L Rev 311, 55 Col L Rev 598, passim; New York State Constitutional Convention Committee, 1938, Problems Relating to Home Rule and Local Government, vol XI, pp 4-5) and the number of cases dealing with the issue presented to this court.
The pertinent provisions of the present Constitution are article IX (§ 2, par [b], cl [2]) and article IX (§ 3, par [a], cl [3]; pars [c], [d], els [1], [4]). Section 2 provides in pertinent part that:
“(b) Subject to the bill of rights of local governments and other applicable provisions of this constitution, the legislature:
* * *
“(2) Shall have the power to act in relation to the property, affairs or government of any local government only by general law, or by special law only (a) on request of two-thirds of the total membership of its legislative body or on request of its chief executive officer concurred in by a majority of such membership, or (b), except in the case of the city of New York, on certificate of necessity from the governor reciting facts which in his judgment constitute an emergency requiring enactment of such law and, in such latter case, with the concurrence of two-thirds of the members elected to each house of the legislature.”
Section 3 (par [a], cl [3]) makes clear, however, that:
“(a) Except as expressly provided, nothing in this article shall restrict or impair any power of the legislature in relation to:
* * *
“(3) Matters other than the property, affairs or government of a local government.” *56 Section 3 (par [d], cl [1]) defines “general law,”[4] clause (4) defines “special law,”[5] and paragraph (c) of that section directs that, “Rights, powers, privileges and immunities granted to local governments by this article shall be liberally construed.”
The difficulty and uncertainty arises from the fact that laws not directly related to the “property, affairs or government” of a local government may nonetheless affect such property, affairs or government. The liberal construction provision of paragraph (c) of section 3 is of little help in that connection for it is not the breadth of the power of local government over its own property, affairs or government, but the limitation imposed on the power of the State over matters other than the property, affairs or government of a local government which is in question, and as to that, paragraph (a) of section 3 flatly declares that no restriction or impairment is intended.
Attempts at solution of the conundrum have concerned the purpose or function involved, the area covered and the form of the enactment. With respect to purpose or function, the question, as Chief Judge Cardozo (as he then was), concurring in Adler v Deegan (251 NY 467, 489-490), put it, is “has the State surrendered the power to enact local laws by the usual forms of legislation where subjects of State concern are directly and substantially involved, though intermingled with these, and perhaps identical with them, are concerns proper to the [local government]?” His answer was “that if the subject be in a substantial degree a matter of State concern, the Legislature may act, though intermingled with it are concerns of the locality” (id., at p 491), and the opinions of other Judges in the majority either essentially accepted that test (id., at p 475) or would have invalidated only a law which related “exclusively to the property, affairs or government of a city” (id., at p 481).
As it has evolved in later cases, the rule is that if “the subject matter of the statute is of sufficient importance to the State generally to render it a proper subject of State legislation * * * the State may freely legislate, notwithstanding the fact that the concern of the State may also touch upon local matters” (Matter of Kelley v McGee, 57 NY2d 522, 538; accord Matter of Radich v Council of City of Lackawanna, 61 NY2d 652, 654; Uniformed Firefighters Assn. v City of New York, 50 NY2d 85, 90). Indeed, legislation on matters of State concern “even though of localized *57 application and having a direct effect on the most basic of local interests does not violate the constitutional home rule provisions” (Matter of Board of Educ. v City of New York, 41 NY2d 535, 542; accord Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 373; Town of Monroe v Carey, 46 NY2d 847, affg 96 Misc 2d 238; Wambat Realty Corp. v State of New York, 41 NY2d 490).
Here, the State concern is the protection of the drinking water for a substantial portion of the State’s population and in an area which encompasses a substantial portion of the State’s commerce and industry. Our Constitution enjoins the Legislature to include in the protection of natural resources “adequate provision for the abatement of * * * water pollution” (art XIV, § 4). Legislation protecting the water supply of the City of Rochester has been upheld against the contention that it violated our constitutional home rule provisions (Matter of Board of Supervisors v WaterPower & Control Comm., 255 NY 531, affg 227 App Div 345-348) because it affected “the health and safety not only of the residents of Rochester, but of persons temporarily there * * * [and did] not deal solely with the ‘property, affairs or government’ of Rochester” (227 App Div, at pp 348-349; see also, Matter of City of Utica v Water Pollution Control Bd., 5 NY2d 164, 168). Legislation establishing a Sewer Authority for the City of Buffalo has been upheld against like challenge on the ground that protection of the city’s water supply against pollution by untreated sewage was “designed to remedy conditions affecting the public generally, though imposing restrictions or obligations upon a particular municipality as a means of affecting the larger purpose” (Robertson v Zimmermann, 268 NY 52, 59). Legislation related to health has been upheld in other contexts as well: in Pero v City of Batavia (63 NY2d 971, affg 99 AD2d 668) to invalidate a local law of the city establishing its own examining board of plumbers because inconsistent with section 40-a of the General City Law, a special law; in Town of Junius v Flacke (53 NY2d 616, affg 71 AD2d 423) to uphold State regulation of the town’s solid waste management facility. It follows that, as concerns the function or purpose of ECL 27-0704, the fact that it directly affects the right of the towns to continue use of existing landfill or of other property owned by it as a landfill does not invalidate the enactment.
No more determinative is the form in which ECL 27-0704 was enacted or the limitation of its coverage to Nassau and Suffolk Counties. The constitutional definition, quoted in footnote 5 above, of a special law as one which in terms and in effect applies to one or more, but not all, counties and the specific limitation of ECL 27-0704 to the Counties of Nassau and Suffolk *58 leave no doubt that the section is in form a special law and applies only to a limited territory. Neither has, however, been cause for invalidation of statutes dealing with a matter of State concern. Salzman v Impellitteri (203 Misc 486, 508-509, affd 281 App Div 1023,1024, mod 305 NY 414) upheld the amendment to the Public Authorities Law which established the New York City Transit Authority and authorized the city to contract with it for operation of its transit properties, notwithstanding that it was a special law and limited to New York City. Robertson v Zimmermann (268 NY 52, supra) held the establishment of the Buffalo Sewer Authority by chapter 349 of the Laws of 1935 valid although it dealt with a particular municipality and interfered with its property. City of New York v Village of Lawrence (250 NY 429,434) upheld an act “undoubtedly, special or local in its terms and in its effect” which changed the boundary between the city and Nassau County because related to a matter of public concern, notwithstanding that it affected the property, affairs or government of the city (see, also, Pero v City of Batavia, 63 NY2d 971, supra; Metropolitan Transp. Auth. v County of Nassau, 28 NY2d 385, 391; Matter of Board of Supervisors v Water Power & Control Comm., 255 NY2d 531, supra).
We conclude that though ECL 27-0704 is limited territorially and as enacted was a special law in its form, its subject is a matter of general State concern, and that, therefore, respondents are entitled to partial summary judgment declaring it not to be in violation of article IX (§2, par [b], cl [2]) of the Constitution. Accordingly, the judgment of Special Term is reversed with directions to enter such a partial summary judgment and for further proceedings on the remaining causes of action.
Chief Judge Cooke and Judges Jasen, Jones, Simons and Kaye concur; Judge Wachtler taking no part.
Judgment reversed, with costs, and matter remitted to Supreme Court, Suffolk County, with directions to enter partial summary judgment and for further proceedings in accordance with the opinion herein.

. The deletion of LoGrande as a party is of importance only in that the seventh cause of action of the amended petition, which alleged that ECL 27-0704 was a constitutionally invalid special law, was stated to be brought solely on LoGrande’s behalf. We consider the constitutional issue, nevertheless, because the first cause of action by its reference to section 12 of the Statute of Local Governments, which in turn refers to article IX of the Constitution, may be deemed to have sufficiently raised the question, because Special Term may be deemed implicitly to have allowed amendment of the seventh cause of action to state it as one on behalf of the town petitioners, and because paragraph 9 of the affidavit in support of respondent’s cross motion recognized that petitioners had asserted that the statute “violates the home rule provisions of the * * * State Constitution.” The issue was, therefore, fully briefed below and before us and was the basis of Special Term’s decision and judgment. No useful purpose would be served, therefore, by remanding for clarification of the judgment and order.

. The memorandum summarized the provisions of the bill as follows:
“The bill mandates a phase-out of landfills in the deep flow recharge zone of Long Island. This phase-out will proceed in accordance with the operation plans, for each landfill, as approved by the Commissioner. No new landfills will be permitted in the deep flow recharge zone.
“The bill also provides for a seven year phase out of existing landfill operations outside the recharge zone except in those landfills where specific operating conditions can be met. New landfill facilities may be constructed only in conformance with the specifications provided in the bill.
*54 “The Commissioner of DEC is given authority to grant variances from those requirements where a municipality is proceeding in good faith towards resource recovery and where measures to minimize the adverse impacts of continued landfilling have been taken.
“The bill permits the continued landfilling of clean fill materials that cannot be composted or pro~~ssed in a resource recovery facility.”

. The exception, the Constitution of 1907, spoke of “property, affairs of government” (emphasis added). Whether intentional or inadvertent, the change apparently went unnoticed by the courts and the next revision (1924) reverted to the original phrase (Richland, Constitutional City Home Rule in New York, 54 Col L Rev 311, 324).

. “(1) ‘General law.’ A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.”

. “(4) ‘Special law.’ A law which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages.”