OPINION OF THE COURT
Sidney Mitchell, J.
Defendant stands charged with violating chapter 58, section 58-3 of the Islip Town Code (Town Code; Local Laws, 1970, No. 1 of Town of Islip).
He is accused specifically of violating subdivision (A), which prohibits a person from entering or going on public lands without the consent of the town board or its agent in charge. The violation occurs whether the property is posted or not. However, if the said area is, as an ordinary function, open and accessible to the public, no violation occurs.
Section 58-l-A-(l) of chapter 58 sets forth as prohibited conduct the intrusion on public or private lands, docks, bulkheads and marinas which are posted without obtaining the written consent from the owner.
Section 58-1-B establishes an evidentiary presumption whereby lack of consent is presumed by failure to exhibit the written consent to a property owner, peace officer or public official and/or employee thereof.
*573 Here the defendant on arraignment is deemed to have moved to dismiss on the ground that the chapter, and specifically sections 58-1 and 58-3, are void; said sections having been preempted by the enactment of Penal Law § 140.05 and CPL 170.30 and 170.35 (1) (c) provide the basis for the motion.
It is the contention of the prosecuting attorney that the town ordinance as codified is not inconsistent with State law nor has the State of New York preempted the field by enactment of Penal Law § 140.05. The Town Code, it is argued, is consistent, thus allowing the towns an alternate means of prosecution.
Prior to the enactment of the current Penal Law, criminal trespass was expressly limited to violative acts occurring in cities and villages. (See, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 140.05, p 20 et seq.)
By enacting Town Law § 130 (19), the Legislature conferred police power on towns to establish trespass ordinances. Here, Town Code ch 58 was enacted originally as an ordinance under such authority. Subsequently, it was included in the Town Code then enacted as Local Laws, 1970, No. 1 of Town of Islip.
The current Penal Law was enacted in 1966. Here the Legislature establishes a violation dealing generally with trespass as a new section: Penal Law § 140.05.
NY Constitution article IX confers on local governments an affirmative authority to enact local laws that are not inconsistent with the Constitution or a general law. (Matter of Perry v Town of Cherry Val., 307 NY 427; People v Scott, 26 NY2d 286.)
This constitutional grant becomes statutorily operative by enactment of the Municipal Home Rule Law and the statutes of local government. Similarly, Town Law § 130 authorizes enactment of ordinances that are not prohibited by State laws as an alternate means of local legislation.
The definition of a general law is contained in NY Constitution, article IX, § 3 (d) (1). This section holds that a general law is one that applies to all counties except those wholly contained within a city, all cities, all towns or all villages. As to what constitutes a “general law’, it is clear that the definition is judicially defined. In Adler v Deegan (251 NY 467), the Court of Appeals holds that its definition and not the common dictionary definition governs. (See, Matter of Town of Islip v Cuomo, 64 NY2d 50, which cites Adler v Deegan, supra.)
To determine whether an ordinance or local law is inconsistent with a State law, it requires analysis of the content and of the development of the competing laws. Thus, if one says “yes” and the other “no”, an obvious inconsistency is present. But *574 inconsistency is not the sole test. If the State preempts the field the local law is voided by the statute. (See, Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, affd 12 NY2d 998.) In affirming the decision, the Court of Appeals adopted the language of the Appellate Division, which stated, “[WJhere [preemption] is found, local laws are prohibited” (17 AD2d, at p 330; Robin v Incorporated Vil. of Hempstead, 30 NY2d 347; as well as Matter of Town of Islip v Cuomo, supra, which negates the dicta in People v Cook, 34 NY2d 100, 109, 110, speculating that an inconsistent local law will be upheld despite its inconsistency if there is a special local problem).
It must be presumed that the State desired a State-wide sanction. If not, it would have been unnecessary to enact Penal Law § 140.05. Thus, it preempts local laws and/or ordinances treating this subject matter thereby establishing a State-wide presence.
Additionally, the State statute contains a concise definition which includes the presumption of license to enter and remain on, in, or upon premises open to the public. (Penal Law § 140.00 [5].) This is clearly inconsistent with Town Code § 58-1-B which establishes an evidentiary presumption that failure to exhibit a written consent shall be presumptive evidence to the contrary.
Town Code § 58-3-A eliminates the need for posting as an element of notice. A failure to post under State law could bar prosecution by reason of the presumed license. The Town Code contains an evidentiary presumption of nonlicense unless a written permission is exhibited by the defendant on demand to the authorities.
For violations of the Penal Law, the People are required to prove beyond a reasonable doubt all of the elements constituting the violation, including lack of knowledge and lack of license, unaided by a favorable evidentiary presumption. (People v Basch, 36 NY2d 154.)
Therefore, the People must by legally sufficient evidence establish all of the elements of the charge beyond a reasonable doubt. This is not so in a prosecution under the Town Code. The Town Code shifts the burden of going forward to the defendant.
For the reasons set forth herein, it is the finding of this court that Town Code §§ 58-1-A-l, 58-1-B, and 58-3 are invalid, having been preempted by Penal Law article 140.
Defendant’s motion to dismiss the charge pursuant to CPL 170.30 is granted.