OPINION OF THE COURT
B. Marc Mogil, J.
Defendant, a resident of Seaford and an owner of his residential property in that Nassau County village, is charged with violating Nassau County Ordinance 248-A-1987, § 2, prohibiting lawn watering during the hours of 10:00 a.m. to 4:00 p.m. except as set forth. He moves to dismiss in the interests of justice, pursuant to CPL 170.40, in that his use of a private water-well should purportedly excuse such conduct since there *32 (allegedly) exists uncertainly as to the applicability of the ordinance to "private wells.” The issue appears to be one of first impression, but one of importance to Nassau County.
The subject ordinance, enacted by the Nassau County Board of Supervisors on June 8, 1987, was based upon the legitimate desire to conserve, protect and manage the water supply within the county, dependent upon a sole source aquifer system. In so doing, the "Comprehensive Management/Conservation Program” came to be, regulating or limiting water use by all sectors of the community: domestic, industrial, commercial and recreational.
The applicable section 2, establishing odd/even day watering restrictions, does state however the following exclusion which has provoked defendant’s application: "4. Provided further that nothing in this section shall be construed to limit, restrict, or prohibit, irrigation of any sort which is done by means of water obtained from sources other than the Nassau County sole source aquifer system. ” (Emphasis added.)
The issue before this court thus is whether water drawn from a private on-property groundwater well falls within the exclusion of a "source * * * other than the * * * County sole source aquifer”. (Emphasis added.) The court concludes that it does not, and that the ordinance quite properly limits such watering conduct by even those with their own wells drawing Long Island water.
We must look to both the geologic realities of our island, as well as the spirit and enforcement of the ordinance, to reach a just result.
Long Island’s water comes from three distinct aquifers (or water-bearing strata of permeable rock, sand or gravel): the Glacial Aquifer, or uppermost; the Magothy Aquifer, or middle from which we obtain approximately 90% of our potable water; and the Lloyd Aquifer, our lowest, generally not tapped.
All waters in the Long Island ground, and in groundwater wells, is or eventually becomes part of the sole source aquifer. As such, the State has clearly held in its protection that "water” is defined to include underground water (see, ECL 15-0107 [4]); so too, our Court of Appeals has recognized clearly that the entire potable water supply for Nassau and Suffolk Counties is derived from a sole source a'quifer (see, L 1983, ch 299; Matter of Town of Islip v Cuomo, 64 NY2d 50, 54 [1984]; see also, Matter of New York Pub. Interest Research Group v Town of lslip, 71 NY2d 292 [1988]).
*33 We on our home island share common and limited resources: fresh water, clean air, extended greenery, and rationally zoned suburban and rural communities. As such, it is reasonable to hold that private wells, per se, should and do not exclude any individual from the applicability of ordinances designed to legitimately protect one of those limited and common source resources. Ergo, ordinance 248-A-1987 is valid, and this court so holds as it may apply here.
The exclusion provided for by the Board of Supervisors may be interpreted to include waters obtained from outside Long Island’s sole source aquifer, trucked, bottled or otherwise shipped in from off of Long Island.
In this particular case, however, the District Attorney has also submitted a copy of Nassau County Police Department Patrol H.Q. Order 22-1988, dated May 10, 1988, which advises all patrol commands of the ordinance and, interestingly, orders that no summons is to be given for a first violation, but rather a warning and report to command for computer entry. Since the District Attorney has not dealt with this internal procedural enforcement requirement in his response as to this defendant, and since there existed legitimate doubt by defendant (prior to now) of the applicability of the ordinance to well owners, the court feels constrained by both equity and the interests of justice, to grant defendant’s application on this one particular occasion, pursuant to CPL 170.40.
The application by defendant to dismiss is granted; as an overview, the ordinance is deemed to be a valid exercise of the county’s powers.