(October 5, 1999)

■ City of New York et al., Appellants, v State of New York, Respondent. Thomas J. Igoe, Jr., et al., Respondents-Appellants, v George E. Pataki et al., Appellants-Respondents. Lary S. Wolf et al., Respondents-Appellants, v State of New York et al., Appellants-Respondents. Charles Quinn et al., Appellants-Respondents, v George E. Pataki et al., Respondents-Appellants. State of Connecticut et al., Appellants-Respondents, v State of New York et al., Respondents-Appellants. [696 NYS2d 426] —Orders, Supreme Court, New York County (Barry Cozier, J.), entered June 28, 1999, which, *inter alia*, declared that the Commuter Tax Law (Tax Law § 1301 [c]; § 1305 [b]; General City Law art 2-E; Administrative Code of City of NY § 11-1902), as amended by chapter 5 of the Laws of 1999, is in violation of the Privileges and Immunities Clause and the Commerce Clause of the Federal Constitution, declared that the enactment of such amendment was not in violation of the home rule provision of the State Constitution, denied an injunction against the State's enforcement of such statute, and denied an award of attorneys' fees against the State, unanimously affirmed, without costs.

The State fails to offer a substantial reason for subjecting commuters to New York City who do not reside in the State to a New York City income tax while exempting from such tax commuters who do reside in the State (*see generally*, *Lunding v New York State Tax Appeals Tribunal*, 522 US 287, 296-299; *Oregon Waste Sys. v Department of Envtl. Quality*, 511 US 93, 98-99, 100-101). The State's argument that such a reason is provided by the fact that intrastate commuters are disproportionately burdened by other taxes that are not paid by interstate commuters, such as State sales tax, Metropolitan Transportation Authority sales tax and cigarette taxes, fails.

There is no reliable evidence that such other taxes create a disparate burden. Even if there were a showing of disparate burden, there is no reliable evidence that the income tax the State would impose on interstate commuters approximates, but does not exceed, the amount of these other taxes. Moreover, even if there were a showing of the relative amounts of taxes paid by interstate and intrastate commuters dedicated to the City, the event on which the State would tax interstate commuters—travel into the City—is not substantially equivalent to the events on which these other taxes are based (see, Austin v New Hampshire, 420 US 656, 665; Fulton Corp. v Faulkner, 516 US 325, 332-333). We do not deem it necessary to grant injunctive relief against enforcement of the challenged statute. In the event of an affirmance by the Court of Appeals, responsible government officials will facilitate the process of returning improperly collected taxes and will otherwise expeditiously implement the mandate of that Court (see, Socony-Vacuum Oil Co. v City of New York, 247 App Div 163, 168, affd 272 NY 668). We are also mindful that maintenance of the status quo pending the appeals process serves administrative convenience.

Concerning the City's challenge to the amendment, there is no merit to the argument that enactment of the amendment required a home rule message. While the amendment is concededly a "special law" within the meaning of the State Constitution's home rule provisions and certainly touches upon some of the City's most basic interests, it also concerns other matters of sufficient concern to the State generally to be proper subjects of State legislation (see generally, Matter of Town of Islip v Cuomo, 64 NY2d 50, 56-57). Such authority as there is on the subject does not suggest that legislation enabling local taxation cannot be repealed without a home rule message (cf., NY Const, art IX, § 2 [b] [1]; Matter of Roosevelt Raceway v County of Nassau, 18 NY2d 30, 36-37, appeal dismissed 385 US 453). We have considered the parties' other arguments for affirmative relief, including that it was error not to award attorneys' fees against the State under either 42 USC § 1988 or Tax Law § 3030, and find them unpersuasive. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ. [See, 182 Misc 2d 298.]