In a consolidated action, inter alia, for a judgment declaring that Tax Law article 23 is unconstitutional, the defendants State of New York, New York State Department of Taxation and Finance, Jamie Woodward, and Thomas DiNapoli appeal, and the defendants Metropolitan Transportation Authority and Jay H. Walder separately appeal, (1) from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered August 23, 2012, as granted the motion of the plaintiffs Edward E Mangano and County of Nassau, and the separate motions of each of the plaintiffs County of Suffolk, County of Westchester, Town of Smithtown, and County of Putnam for summary judg *957 ment on the complaint to the extent of declaring that Tax Law article 23 is unconstitutional, and denied those branches of their separate cross motions which were for summary judgment declaring that Tax Law article 23 is constitutional, and (2), as limited by their briefs, from so much of a judgment of the same court entered October 1, 2012, as, upon the order, declared that Tax Law article 23 is unconstitutional.
Ordered that the appeals from the order entered August 23, 2012, are dismissed; and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law, the motion of the plaintiffs Edward E Mangano and County of Nassau, and the separate motions of each of the plaintiffs County of Suffolk, County of Westchester, Town of Smithtown, and County of Putnam for summary judgment on the complaint are denied, those branches of the cross motions which were for summary judgment declaring that Tax Law article 23 is constitutional are granted, the order entered August 23, 2012, is modified accordingly, and it is declared that Tax Law article 23 is constitutional; and it is further,
Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
The appeals from the intermediate order entered August 23, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on October 1, 2012 (see Matter ofAho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501 [a] [1]).
The defendant Metropolitan Transportation Authority (hereinafter the MTA) is a public benefit corporation created under Public Authorities Law article 5 for the purpose of “the continuance, further development and improvement of commuter transportation and other services related thereto within the metropolitan commuter transportation district” (hereinafter the MCTD) (Public Authorities Law § 1264 [1]), which embraces the City of New York and the counties of Dutchess, Nassau, Orange, Putnam, Rockland, Suffolk, and Westchester (see Public Authorities Law § 1262).
In 2009, the New York State Legislature passed the Metropolitan Commuter Transportation Mobility Tax Law (hereinafter the MTA Employer Tax Law), enacted chapter 25, part C, § 1 of the Laws of 2009 (codified at article 23 of the Tax Law). The tax was imposed on employers and self-employed individuals “[f]or the sole purpose of providing an additional stable and reliable dedicated funding source for the [MTA] and its subsidiaries and *958 affiliates to preserve, operate and improve essential transit and transportation services in the [MCTD]” (Tax Law § 801 [a]).
In 2010, the plaintiffs commenced this action seeking a judgment declaring, inter alia, that the MTA Employer Tax Law is unconstitutional. The plaintiffs Edward E Mangano and County of Nassau moved, and the plaintiffs County of Suffolk, County of Westchester, Town of Smithtown, and County of Putnam each separately moved, for summary judgment on the complaint. The Supreme Court granted the motion, concluding that the MTA Employer Tax Law was unconstitutionally passed without a home rule message, and judgment was entered accordingly declaring the law unconstitutional.
Article IX, § 2 of the New York Constitution provides that “special law[s]” relating to the property, affairs or government of any local government may not be enacted without a “home rule message” from the locality or the localities affected by the law (NY Const, art IX, § 2 [b] [2]). Regardless of whether a special law such as the MTA Employer Tax Law is a law relating to the property, affairs, or government of any local government and, thus, would otherwise require a home rule message, “[a] recognized exception to the home rule message requirement exists when a special law serves a substantial State concern” (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 97 NY2d 378, 386 [2001]). A subject may be a substantial State concern even where it is intermingled with the concerns of the locality (see Adler v Deegan, 251 NY 467, 489-490 [1929]). Certain matters of local concern have been held to be of sufficient importance affecting the whole of the State, including differing threshold requirements under the amended Wicks Law (L 2008, ch 57, '§ 1, part MM) for public contracting (see Empire State Ch. of Associated Bldrs. & Contrs., Inc. v Smith, 21 NY3d 309 [2013]), the regulation of taxis in the City of New York (see Greater New York Taxi Assn. v State of New York, 21 NY3d 289 [2013]), the sewer system of the city of Buffalo (see Robertson v Zimmermann, 268 NY 52, 61 [1935]), the limitation of New York City rent controls (see City of New York v State of New York, 31 NY2d 804, 805 [1972]), the salaries of district attorneys of certain counties (see Matter of Kelley v McGee, 57 NY2d 522, 538-539 [1982]), the protection of the resources of the Adirondack Park region (see Wombat Realty Corp. v State of New York, 41 NY2d 490, 497-498 [1977]), and solid waste disposal in Nassau and Suffolk Counties (see Matter of Town of lslip v Cuomo, 64 NY2d 50, 56 [1984]).
In Matter of McAneny v Board of Estimate & Apportionment *959 of City of N.Y. (232 NY 377 [1922]), the Court of Appeals held, as specifically relevant here, that “[r]apid transit for the city of New York has, for many years, been a matter of public interest, affecting not only the people of that city, but of the whole state” (id. at 393). In Salzman v Impellitteri (305 NY 414 [1953]), the Court of Appeals held that statutes creating the New York City Transit Authority were in a field in which the State was concerned. In Metropolitan Transp. Auth. v County of Nassau (28 NY2d 385 [1971]), the Court of Appeals held that the legislation which empowered the MTA to certify and collect from Nassau County the cost of maintenance and operation of the Long Island Rail Road passenger stations in Nassau transcended the concerns of Nassau County alone and affected a sizable portion of the State as a whole.
Here, the Sponsor’s Memo for the MTA Employer Tax Law noted that continued investment in mass transit provides direct benefits to mass transit users and to the regional and state economies. Chapter 25 of the Laws of 2009 enacting the bill announced that “[m]ass transportation services in the [MCTD] are essential to meeting the basic mobility and economic needs of the citizens of the [MCTD], the state and the region” (L 2009, ch 25, § 1). The 2008 report of the Commission on Metropolitan Transportation Authority Financing also observed that the benefits of the MTA’s capital program boost economic activity across the State and could create jobs in New York City and in “communities as far away as Buffalo, Albany, and Plattsburg[h].”
Thus, the MTA Employer Tax Law, which provides a funding source for the preservation, operation, and improvement of essential transit and transportation services in the MCTD, serves a substantial State concern. As such, it was not unconstitutionally passed without a home rule message (see NY Const, art IX, § 2 [b] [2]). Absent constitutional inhibition, the Legislature has “nearly unconstrained authority in the design of taxing impositions” (Foss v City of Rochester, 65 NY2d 247, 257 [1985]).
The plaintiffs’ arguments that the MTA Employer Tax Law violates article III, § 20 of the New York Constitution (see Waterloo Woolen Mfg. Co. v Shanahan, 128 NY 345, 358 [1891]), article X, § 5 of the New York Constitution (see Matter of Schulz v State of New York, 198 AD2d 554, 557 [1993]), and the equal protection clause of the New York Constitution lack merit.
Accordingly, the MTA Employer Tax Law must be declared constitutional (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
*960 The parties’ contentions regarding venue of the action have been rendered academic in light of our determination. Dillon, J.P., Hall, Lott and Hinds-Radix, JJ., concur.