■ C. Scott Vanderhoef, as Rockland County Executive, et al., Appellants, v Sheldon Silver, as Speaker of the New York State Assembly, et al., Respondents. [978 NYS2d 379]—

---

Spain, J. Appeal from an order and judgment of the Supreme Court (McNamara, J.), entered April 18, 2012 in Albany County, which, among other things, granted defendants' motions for, among other things, summary judgment dismissing the amended complaint.

The Metropolitan Transportation Authority Financing Commission (hereinafter Commission) was established in 2008 and was tasked with developing funding mechanisms to address "essential capital projects and operating needs" of defendant Metropolitan Transportation Authority (hereinafter MTA) in a challenging fiscal environment. The Commission recommended, among other things, that a payroll tax be imposed upon employers and self-employed individuals doing business within the 12-county area serviced by the MTA, known as the Metropolitan Commuter Transportation District (see Public Authorities Law §§ 1262, 1264 [1]). The Metropolitan Commuter Transportation Mobility Tax (see Tax Law § 801 et seq.) was enacted in 2009 to put that recommendation into effect (see L 2009, ch 25, § 2, part C, § 1).

Plaintiff County of Rockland is a part of the Metropolitan Commuter Transportation District and, in 2010, the County and its executive, plaintiff C. Scott Vanderhoef, commenced this action against various entities and officials associated with defendant State of New York (hereinafter collectively referred to as the State defendants), as well as the MTA and defendant Chair of the MTA (hereinafter collectively referred to as the MTA defendants). Plaintiffs asserted five causes of action challenging the validity of the mobility tax on various grounds. The sixth and seventh causes of action in plaintiffs' complaint were against the MTA alone, and alleged that an impermissible "value gap" existed between the resources provided to the MTA by the County and the transit services that the County received in return. Following joinder of issue, the MTA defendants and the State defendants each moved for summary judgment seeking dismissal of the amended complaint. Supreme Court granted defendants' motions and dismissed all seven causes of action. Plaintiffs now appeal.

As an initial matter, the County of Nassau, its executive and other municipalities brought a lawsuit advancing challenges to the mobility tax that are essentially identical to the ones presented here (Mangano v Silver, 107 AD3d 956 [2013], appeal dismissed 22 NY3d 892 [2013]). During the pendency of this appeal, the Second Department determined that the summary

judgment motions of the defendants in that action should have been granted and declared the mobility tax to be constitutional (*id.* at 957-959). While the Second Department's holding in *Mangano* is undoubtedly "persuasive, we are free to reach a contrary result" (*Mountain View Coach Lines v Storms*, 102 AD2d 663, 665 [1984] [citations omitted]). Counsel for plaintiffs nevertheless stated at oral argument that plaintiffs wished to abandon all of their contentions regarding the mobility tax— contained in the first five causes of action—in the wake of *Mangano*. We accordingly take no position on either the merits of the first five causes of action or on plaintiffs' capacity to advance them, and turn to the sixth and seventh causes of action against the MTA.

Assuming, without deciding, that plaintiffs have the legal capacity to assert the sixth and seventh claims, we nevertheless affirm.* The gravamen of both claims is that the funding provided to the MTA by the County is disproportionately high when compared to the transit services received by it in return. The MTA undoubtedly provides services to the County and its residents, however, and "[e]ven a 'flagrant unevenness' in application" of the financing scheme used to fund the MTA is constitutionally permissible (*Heimbach v State of New York*, 59 NY2d 891, 893 [1983], *appeal dismissed* 464 US 956 [1983]; *see Armour v Indianapolis*, 566 US —, —, 132 S Ct 2073, 2080-2081 [2012]; *Foss v City of Rochester*, 65 NY2d 247, 256-257 [1985]). Without more, the fact that the County purportedly receives "fewer benefits from the [MTA] than those received by other[s] . . . is insufficient to warrant the relief requested" (*Board of Educ. of Glen Cove City School Dist. v Nassau County*, 33 AD3d 576, 579 [2006], *lv denied* 8 NY3d 802 [2007]). Plaintiffs have not pointed to any constitutional or statutory provision that is violated by this alleged misallocation of resources and, as such, the sixth and seventh causes of action present nothing more than a nonjusticiable and impermissible attempt "to substitute judicial oversight for the discretionary management of public business by public officials" (*Matter of Abrams v New York City Tr. Auth.*, 39 NY2d 990, 992 [1976]; *see Klostermann v Cuomo*, 61 NY2d 525, 535-536 [1984]). Supreme Court thus acted properly in granting the MTA defendants' motion for summary judgment.

---

* A party's lack of capacity is not a jurisdictional defect and "will not prevent a court from reaching the merits" if not raised as a defense (*Matter of Bethpage Water Dist. v Daines*, 67 AD3d 1088, 1091 [2009], *lv denied* 14 NY3d 707 [2010]). While the MTA defendants asserted lack of capacity as an affirmative defense in their answer, they only briefly mentioned the issue in their appellate brief and urged us at oral argument to reach the merits of the claims.

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.