■ In the Matter of the Conservator of the Property of ARTEMESIA BATTISTI, a Patient at Willard Psychiatric Center. ANTHONY N. MUSTILLE, as Director of Willard Psychiatric Center, Appellant; LOUIS BATTISTI, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered May 29, 1984 in Tompkins County, which denied petitioner's application pursuant to Mental Hygiene Law § 77.33 to, *inter alia,* have the conservator of the property of Artemesia Battisti removed.

The material facts are essentially undisputed. On September 28, 1981, respondent, the son and only heir of 90-year-old Artemesia Battisti, was appointed conservator of her property. While a patient at Willard Psychiatric Center and in the presence of the family's lawyer, who had specifically attended to ensure that the conservatee was competent to effect a gift, Artemesia Battisti executed a deed transferring her home in the City of Ithaca to respondent. Her savings at that time were more than sufficient to satisfy the psychiatric center's bills for her care.

This transfer of the realty prompted petitioner, the director of the psychiatric center, to move pursuant to Mental Hygiene Law § 77.33 to have respondent removed for misconduct and for a final accounting (Mental Hygiene Law § 77.31 [b]). Finding no impropriety in respondent's acceptance of the gift, Special Term denied the application.

Mental Hygiene Law § 77.19 vests in a conservator the control, charge and management of the conservatee's real and personal property. Unless the court deems that additional powers are necessary, the conservator's powers with respect to that property are identical to those vested in a committee of the property of an incompetent (Mental Hygiene Law § 77.19; *see also,* 1966 Report of NY Law Rev Commn, at 331 [1966 NY Legis Doc No. 65]). These include a duty to secure "the special direction of the court obtained upon proceedings * * * as prescribed in the real property actions and proceedings law" before disposing of any of the conservatee's real property

(Mental Hygiene Law § 78.15 [d]; *see also, Matter of Merritt,* 278 NY 74, 77). Since the property is within the control of the court for purposes of sale or disposition (Mental Hygiene Law § 77.25 [e]; 1968 Report of NY Law Rev Commn, at 191 [1968 NY Legis Doc No. 65]), court approval is essential even if the conservatee consents to the transfer (*Matter of Kurnyk,* 109 Misc 2d 1019, 1022-1023).

Here, the order appointing respondent as conservator expressly bound him to perform all the duties imposed upon a committee of the property of an incompetent by Mental Hygiene Law article 78. Respondent's conceded failure to seek judicial approval of his mother's gift of real property to himself was therefore improper. Removal would be apropos were it not for the fact that the record discloses that, apart from this transaction, which was obviously the product of an innocent misperception of his authority, respondent has apparently acted in a responsible and acceptable manner and, further, that petitioner had no objection at Special Term to respondent continuing as conservator if he returned the property or paid fair consideration therefor. We deem compliance with that representation the preferred way to resolve this appeal. If petitioner believes himself aggrieved by the future conduct of respondent, appropriate relief may then be sought.

Order modified, on the law and the facts, without costs, by denying the petition on the condition that respondent reconvey the property to Artemesia Battisti or pay fair consideration therefor within 20 days after service of a copy of the order to be entered upon this decision with notice of entry, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.