*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    518292
_____

In the Matter of AMERICAN
    UNIVERSITY OF ANTIGUA
    et al.,
                    Appellants,
        v                                  MEMORANDUM AND ORDER

CGFNS INTERNATIONAL et al.,
                    Respondents.
_____


Calendar Date:   January 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        Cowan, Liebowitz & Latman, PC, New York City (J.
Christopher Jensen of counsel) and Law Offices of Leonard A.
Sclafani, New York City (Leonard A. Sclafani of counsel), for
appellants.

        Winget Spadafora & Schwartzberg, LLP, New York City
(Kenneth A. McLean of counsel), for CGFNS International,
respondent.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for State Education Department and another,
respondents.

                    _____


McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Gilpatric,
J.), entered March 8, 2013 in Albany County, which, in a
proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner American University of Antigua and its undergraduate college, petitioner American International College of Arts and Sciences-Antigua, operate a nursing school in the country of Antigua and Barbuda.  In 2010, graduates of petitioners' nursing school applied to respondent State Education Department and respondent Commissioner of Education (hereinafter collectively referred to as SED) to verify their educational credentials and to take the National Council licensing exam in order to become licensed nurses in New York (see Education Law §§ 6506, 6507, 6905).  To satisfy the educational requirements as graduates of a foreign nursing school, the applicants were required to submit evidence to verify their credentials (see 8 NYCRR 59.2, 64.1).  By memorandum of understanding (hereinafter MOU) with SED, respondent CGFNS International contracted to provide credential verification services to SED for foreign-educated individuals applying for licensing as nurses (see 8 NYCRR 59.2 [c]).  During the verification process, CGFNS received a letter from the Prime Minister of Antigua and Barbuda indicating that petitioners' nursing program met the educational requirements for licensure in that country.  When contacted, the Nursing Council for Antigua and Barbuda at the Ministry of Health represented that petitioners' nursing school was not recognized and did not satisfy that country's requirements, and its graduates are not eligible to take its nursing exam.

CGFNS thereafter informed the applicants that there was a discrepancy regarding the nursing school's accreditation and that it could not verify their credentials, and advised SED of the conflict.  SED sent letters to the applicants advising them that, based upon the information received from the Nursing Council, their nursing education was not acceptable for licensing in New York (see 8 NYCRR 64.1 [a] [3]).  During this process, the Prime Minister sent additional correspondence indicating that petitioners' nursing program was approved by the Ministry of Health and qualifies as preparation for practice as registered nurses.[1]   The applicants appealed CGFNS's finding to its Appeals

---

[1]  The Prime Minister further represented that "[t]he Minister of Health has jurisdiction over the . . . Nursing Council . . . and has[] the authority to approve and accredit

Committee, which adhered to the refusal to verify their credentials, declining to resolve that country's "internal differences or policy questions." In June 2011, petitioners asked SED to disregard CGFNS's finding and review the applicants' credentials, submitting a recent opinion of the Attorney General of Antigua and Barbuda interpreting that country's laws to confer authority on the Ministers of Education and Health — not the Nursing Council — to determine whether nursing programs in Antigua and Barbuda have met the requirements.

While SED review was pending, petitioners commenced this CPLR article 78 proceeding, seeking (1) to annul CGFNS's refusal to verify petitioners' program and to compel CGFNS to withdraw its reports to SED denying verification, (2) to compel CGFNS to verify those credentials for all of petitioners' graduates in the future, and (3) to compel SED to accept the verified credentials of petitioners' graduates. SED filed a pre-answer motion to dismiss the petition as premature because it was still reviewing CGFNS's findings, as well as its own initial denials of the applications (see CPLR 3211 [a]; 7804 [f]). CGFNS served an answer and requested dismissal of the petition. SED thereafter advised petitioners by letter dated December 13, 2011, that it accepted the representations of the Prime Minister, Minister of Health and Attorney General of Antigua and Barbuda that petitioners' nursing program is approved in satisfaction of the requirements of 8 NYCRR 64.1 (a) (3), thereby overturning its initial determinations to the contrary.[2]

At a hearing on the motion, CGFNS and SED argued that the proceeding was rendered moot by SED's December 2011 determination and SED represented that all of petitioners' nursing graduates who had completed their applications had been approved the week prior and notified of their eligibility to take the licensing

[petitioners' nursing program] notwithstanding any contrary determination of the . . . Nursing Council."

[2] With respect to six of the applicants who had submitted complete applications, SED agreed to review those applications for compliance with the remaining requirements for licensure.

exam.   Petitioners argued that the proceeding was not moot.
Supreme Court dismissed the petition as to both CGFNS and SED,
finding that CGFNS had not made a determination subject to CPLR
article 78 review and that the proceeding was moot.   Petitioners
appeal.

        We affirm.   CGFNS argues that it is not a "body or officer"
subject to CPLR article 78 (CPLR 7802 [a]) and that it did not
make a "determination" reviewable in this proceeding (CPLR 7803
[3]).   CPLR 7802 (a) defines a "body or officer" against whom a
CPLR article 78 proceeding may be instituted to include, as
relevant here, "every court, tribunal, board, [or] corporation"
(emphasis added).   CGFNS is a not-for-profit corporation.   Courts
have recognized that corporations, both public and private, may
be subject to CPLR article 78 as quasi-governmental bodies
because they are "beholden to the [s]tate for their franchise or
charter or the exercise of their functions" (Matter of Weidenfeld
v Keppler, 84 App Div 235, 239 [1903], affd 176 NY 562 [1903];
see Bango v Gouverneur Volunteer Rescue Squad, Inc., 101 AD3d
1556, 1557 [2012]; Matter of Kickertz v New York Univ., 99 AD3d
502, 507 [2012], appeal dismissed 20 NY3d 1004 [2013]; Matter of
Sines v Opportunities For Broome, 156 AD2d 878, 879 [1989];
Matter of Gray v Canisius Coll. of Buffalo, 76 AD2d 30, 33
[1980]; Siegel, NY Prac § 558 at 989; § 564 at 1001-1002 [5th ed
2011]).   As a corporate entity, CGFNS is a "body or officer"
subject to a writ of mandamus under CPLR article 78 (CPLR 7802
[a]; see CPLR 7803 [1], [3]; Matter of Sines v Opportunities For
Broome, 156 AD2d at 879; Matter of Gray v Canisius Coll. of
Buffalo, 76 AD2d at 33).

        However, we agree with Supreme Court's conclusion that
CGFNS did not render a final "determination" regarding
petitioners' credentials or the applications[3] that is subject to

---

        [3]   The applicants themselves were not joined as parties to
this proceeding (see CPLR 1001 [a]), they did not attempt to
intervene (see CPLR 7802 [d]) and SED did not move to dismiss on
this ground (see CPLR 3211 [a] [7]).   Thus, petitioners proceed
only on their own behalf and do not represent the interests of
the nonparty graduates or applicants, and the sole issue properly

CPLR article 78 review (CPLR 7803 [3]).  Pursuant to its MOU, CGFNS provides credentials verification to SED in which it reviews documents and transcripts and prepares a report as to the authenticity of those credentials, forwarding the documentation to SED for a licensing determination.  CGFNS submitted an affidavit representing that it "makes no analysis or determination as to the comparability or sufficiency of the applicant's education or that the applicant has met any licensure requirement."  SED submitted an affidavit from its education credential specialist attesting that SED "has the obligation under New York regulations to make its own independent determination that the applicants' education completed at a foreign nursing preparation program meets the licensure requirements."  Further, with regard to these applicants, SED "made an independent determination that [petitioners'] School of Nursing does not meet the education requirements of the regulations" and a decision by CGFNS regarding credentials "would not supercede [SED's] responsibility to make its own independent determination."  This is consistent with the governing regulations, which require foreign-educated applicants to demonstrate that they graduated from "a general nursing course of at least two academic years . . . that is satisfactory to [SED]" and "the licensing authority or appropriate governmental agency of said country [must] certif[y] to [SED that the program constituted] preparation for practice as a registered professional nurse" (8 NYCRR 64.1 [a] [3] [emphases added]; see Education Law §§ 6905 [2]; 6906 [2]; see also 8 NYCRR 64.1 [b] [3], [4]).  Further, the regulations provide that "[t]he verification of educational credentials . . .  for authenticity purposes . . . shall not constitute a determination by [SED] that the licensure requirements have been met" (8 NYCRR 59.2 [c] [emphasis added]).  Consequently, CGFNS's report to SED declining to verify credentials and decision not to resolve the conflicting evidence obtained from officials of Antigua and Barbuda was "not final" (CPLR 7801 [1]) and, therefore, did not constitute a "determination" subject to CPLR article 78 review (CPLR 7803 [3]), as the authority to render a final determination is vested

---

before this Court relates to petitioners' credentials under the regulations.

solely in SED (see Education Law §§ 6507 [4] [a], [b]; 6905 [2]; 6906 [2]; 8 NYCRR 59.2 [c]; 64.1 [a] [3]).  Thus, Supreme Court properly dismissed the petition as against CGFNS.

Moreover, Supreme Court correctly concluded that SED's December 2011 determination provided petitioners all of the relief to which they were entitled and, accordingly, the petition was properly dismissed as moot (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]; Matter of Bryant v Board of Educ., Chenango Forks Cent. Sch. Dist., 107 AD3d 1170, 1171 [2013]).  That final determination accepted the representations of the Prime Minister, Attorney General and other officials of Antigua and Barbuda that petitioners' nursing program satisfies the requirements of 8 NYCRR 64.1 (a) (3), fully resolving this disputed aspect of its educational status.  Petitioners' claim that SED could, at any time, reach a contrary conclusion in the future regarding its status is speculative and not ripe for judicial review (see Matter of New York Constr. Materials Assn., Inc. v New York State Dept. of Envtl. Conservation, 83 AD3d 1323, 1329-1330 [2011]).  Moreover, under the foregoing statutory and regulatory provisions, SED always retains the authority to review the adequacy of a foreign school's program, making relief as to future certification inappropriate.  Further, while the exception to the mootness doctrine exists "permitting judicial review[] where the issues are substantial or novel, likely to recur and capable of evading review" (City of New York v Maul, 14 NY3d 499, 507 [2010]), petitioners have not persuasively demonstrated that the exception should be invoked (compare Coleman v Daines, 19 NY3d 1087, 1090 [2012]).

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court