■ HERMITAGE INSURANCE COMPANY, Respondent, v 186-190 LENOX ROAD, LLC, Defendant, and CYNTHIA SMITH, Appellant. [36 NYS3d 634]—

Appeal from order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered April 15,

2014, which, insofar as appealed from as limited by the briefs, declared that plaintiff insurance company has no duty to defend or indemnify defendant 186-190 Lenox Road, LLC in the underlying personal injury action brought against it by defendant Cynthia Smith, unanimously dismissed, without costs.

On or about January 30, 2009, defendant Smith was injured in a slip and fall on property owned by defendant 186-190 Lenox Road, LLC (Lenox). Lenox had obtained a liability policy from plaintiff Hermitage Insurance Company (Hermitage) which provided coverage for the period of April 6, 2008 to April 6, 2009.

In January 2012, Smith commenced a personal injury action against Lenox. Heritage received its first notice of the accident by email dated June 11, 2012. By letter dated June 20, 2012, it informed Lenox that it was disclaiming coverage. On August 8, 2012, Hermitage commenced this declaratory judgment action, naming both Lenox and Smith as defendants.

Hermitage moved for a default judgment against Lenox and Smith. Smith opposed, arguing that (i) she was not properly served, and (ii) even if she was, the action as against her should be dismissed as abandoned, since Hermitage did not move for a default judgment within one year of her failure to answer. Smith did not oppose Hermitage's request for a default judgment against Lenox. Lenox did not oppose the motion.

Supreme Court granted the motion for a default judgment against Lenox. As to Smith, "the motion was denied and the complaint [was] severed and dismissed as abandoned." The court then: "ORDERED, ADJUDGED and DECLARED, that Plaintiff HERMITAGE . . . has no duty to defend or indemnify . . . LENOX . . . against the claims being made by Cynthia Smith . . . ."

Smith lacks standing to appeal from an order granting a default judgment against Lenox, which failed to appear or answer the complaint and failed to oppose the motion for a default judgment (*see Greenspan v Rodman*, 45 AD2d 682 [1st Dept 1974]).

Although Smith, as a named party, could have opposed Hermitage's position on coverage (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 471 n [2005]), she elected to seek dismissal on procedural grounds. Thus, having been granted the relief she sought on her own behalf, and having failed to offer any substantive opposition to Heritage's claim of untimely notice or to oppose Heritage's request for a default judgment against Lenox, Smith was not aggrieved by that portion of the order that declared that Heritage was not obligated

to defend and indemnify Lenox in the underlying action (*see Moore v Federated Dept. Stores, Inc.*, 94 AD3d 638, 639 [1st Dept 2012], *appeal dismissed* 19 NY3d 1065 [2012]).

Furthermore, because this action was dismissed against Smith as abandoned, whether or not the declaration will have a preclusive effect will only become an issue if Smith obtains a judgment against Lenox that remains unsatisfied and then seeks to enforce it in a direct action against Hermitage under Insurance Law § 3420 (a) (2). Accordingly, as the order and judgment appealed from does not impact any existing right of Smith, she is not an "aggrieved party" under CPLR 5511, because any effect the court's declaration may have on her possible future interests is too remote and contingent to give her standing in this appeal (*see State of New York v Philip Morris Inc.*, 61 AD3d 575, 578 [1st Dept 2009], *appeal dismissed* 15 NY3d 898 [2010]; *Blake Realty v Shiller*, 87 AD2d 729, 729 [3d Dept 1982]). Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.