Maple-Gate Anesthesiologists, P.C. v Nasrin (2020 NY Slip Op 02389)





Maple-Gate Anesthesiologists, P.C. v Nasrin


2020 NY Slip Op 02389


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


16 CA 19-00612

[*1]MAPLE-GATE ANESTHESIOLOGISTS, P.C., PLAINTIFF-APPELLANT,
v
DEIXY NASRIN AND DOUGLAS BRUNDIN, DEFENDANTS-RESPONDENTS. 






BARCLAY DAMON LLP, BUFFALO (ROBERT J. PORTIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (AMBER E. STORR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered March 22, 2019. The order granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants, its former employees, alleging that it is entitled to certain proceeds paid to defendants by the Medical Liability Mutual Insurance Company (MLMIC) as a result of MLMIC's conversion from a mutual insurance company to a stock insurance company (demutualization). Pursuant to defendants' employment contracts, plaintiff agreed to provide to defendants the annual premiums for their professional liability insurance as part of their compensation packages. Plaintiff purchased professional liability insurance for defendants and all of its employees through MLMIC. Each defendant was named as the "insured" or "policyholder" on his or her MLMIC policy, and plaintiff was formally designated by defendants as the "Policy Administrator." Defendants assigned certain policyholder rights to plaintiff as the Policy Administrator, namely, the right to receive any dividends and return premiums, and also assigned certain policyholder duties, namely, the duty to pay all premiums.
In 2018, after defendants had left their employment with plaintiff, MLMIC made certain demutualization payments to defendants because of their status as former policyholders. When defendants refused plaintiff's request to pay it 50% of those payments, plaintiff commenced this action, asserting causes of action for conversion and unjust enrichment and alleging that it was the rightful recipient of the demutualization payments. Thereafter, defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1). Supreme Court granted the motion, and we affirm.
"On a motion to dismiss pursuant to CPLR 3211, pleadings are to be liberally construed . . . The court is to accept the facts as alleged in the [pleading] as true . . . [and] accord [the proponent of the pleading] the benefit of every possible favorable inference" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]). "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Lots 4 Less Stores, Inc. v Integrated Props., Inc., 152 AD3d 1181, 1182 [4th Dept 2017] [internal quotation marks omitted]).
Here, contrary to plaintiff's contention, the court properly granted the motion because the documentary evidence established as a matter of law that plaintiff had no legal or equitable right [*2]of ownership to the demutualization payments (see La Barte v Seneca Resources Corp., 285 AD2d 974, 976 [4th Dept 2001]; Di Siena v Di Siena, 266 AD2d 673, 674 [3d Dept 1999]; see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). Insurance Law § 7307 (e) (3) provides that, when a mutual insurance company converts to a stock insurance company, the plan of conversion: "shall . . . provide that each person who had a policy of insurance in effect at any time during the three year period immediately preceding the date of adoption of the resolution [seeking approval of the conversion] shall be entitled to receive in exchange for such equitable share, without additional payment, consideration payable in voting common shares of the insurer or other consideration, or both." In support of their motion, defendants submitted the MLMIC plan of conversion (plan), which, in accordance with that provision of the Insurance Law, provided that cash distributions were required to be made to those policyholders who had coverage during the relevant period prior to demutualization in exchange for the "extinguishment of their Policyholder Membership Interests." The plan stated that the cash distribution would be made to the policyholder unless he or she "affirmatively designated a Policy Administrator . . . to receive such amount on [his or her] behalf." Additional documentary evidence demonstrated that defendants were the policyholders of the relevant MLMIC policies and that, although defendants had assigned some of their rights as policyholders to plaintiff as Policy Administrator, they had not designated plaintiff to receive demutualization payments. Even assuming, arguendo, that plaintiff could be entitled to the demutualization payments without the express designation contemplated by the plan, we conclude that plaintiff has not alleged any facts or circumstances from which it could be established that it was entitled to any such payments. The mere fact that plaintiff paid the annual premiums on the policies on defendants' behalf does not entitle it to the demutualization payments (cf. Matter of Schaffer, Schonholz &
Drossman, LLP v Title, 171 AD3d 465, 465 [1st Dept 2019]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court