Shoback v Broome Obstetrics & Gynecology, P.C. (2020 NY Slip Op 03447)





Shoback v Broome Obstetrics & Gynecology, P.C.


2020 NY Slip Op 03447


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

530255

[*1]Jennifer M. Shoback, Formerly Known as Jennifer M. Davidson, Appellant,
v
Broome Obstetrics and Gynecology, P.C., Respondent.

Calendar Date: May 20, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Colangelo, JJ.


Nolan Heller Kauffman LLP, Albany (Justin A. Heller of counsel), for appellant.
Levene Gouldin & Thompson, LLP, Vestal (Jared R. Mack of counsel), for respondent.



Mulvey, J.
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered September 12, 2019 in Broome County, which denied plaintiff's motion for summary judgment.
Plaintiff was employed by defendant as a certified nurse midwife from July 2015 to August 2017. One of the terms of the parties' employment agreement required defendant to maintain and pay the premiums for a professional liability insurance policy. Defendant satisfied that term by obtaining from Medical Liability Mutual Insurance Company (hereinafter MLMIC) a malpractice policy that listed plaintiff as the sole insured. Plaintiff signed a form designating defendant as the policy administrator of the MLMIC policy, thereby appointing defendant as her agent and giving defendant the right to, among other things, make changes to the policy and receive dividends. Defendant paid all the premiums on the MLMIC policy covering plaintiff, a total of approximately $24,865.
In July 2016, MLMIC applied to the Department of Financial Services (hereinafter DFS) for permission to file a plan to convert from a mutual insurance company to a stock insurance company. In accordance with Insurance Law § 7307 (e) (3), MLMIC's conversion plan provided that anyone who was a MLMIC policyholder from July 2013 to July 2016 would receive a cash consideration in exchange for the extinguishment of his or her policyholder membership interest. Plaintiff did not sign a special consent form distributed by MLMIC to policyholders that would designate someone (i.e., defendant) to receive her share of the cash consideration. Pursuant to a provision in the conversion plan, defendant objected to the distribution of the cash consideration — in the amount of $49,273.59 — to plaintiff, and MLMIC placed the disputed cash consideration in escrow pending resolution of the dispute. Eventually, DFS approved the conversion plan, MLMIC's members voted in favor of it and MLMIC completed the demutualization.
Thereafter, plaintiff commenced this declaratory judgment action asserting that, as the policyholder with a membership interest in MLMIC, she is entitled to receive the cash consideration. Defendant raised affirmative defenses asserting, among other things, unjust enrichment. After joinder of issue, plaintiff moved for summary judgment. Supreme Court stated that it found defendant's argument unpersuasive and was inclined to agree that plaintiff was entitled to receive the cash consideration but, finding that it was constrained to follow a recent First Department decision (Matter of Schaffer, Schonholz & Drossman, LLP v Title, 171 AD3d 465 [2019]), denied plaintiff's motion. Plaintiff appeals.
Initially, Supreme Court was "bound by the doctrine of stare decisis to apply precedent established in another Department," as no relevant precedent was available from this Court or the Court of Appeals (D'Alessandro v Carro, 123 AD3d 1, 6 [2014]; see Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [1984]; see also People v Turner, 5 NY3d 476, 481-482 [2005]). However, this Court is not so bound (see People ex rel. Negron v Superintendent, Woodbourne Corr. Facility, 170 AD3d 12, 16 [2019]); "[w]hile we should accept the decisions of [a] sister department[] as persuasive, we are free to reach a contrary result" if we disagree with such court's legal analysis (Mountain View Coach Lines v Storms, 102 AD2d at 665 [internal citations omitted]; see Vanderhoef v Silver, 112 AD3d 1174, 1176 [2013]). We agree with Supreme Court's inclinations — although that court was constrained by stare decisis not to follow them — and disagree with the First Department's holding in Matter of Schaffer, Schonholz & Drossman, LLP v Title (171 AD3d at 465; compare Maple-Gate Anesthesiologists, P.C. v Nasrin, 182 AD3d 984, 985-986 [2020]). Therefore, for the reasons stated in our decision in Schoch v Lake Champlain OB-GYN, P.C. (___ AD3d ___ [decided herewith]), we reverse.
Garry, P.J., Egan Jr., Devine and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted, and it is declared that plaintiff is solely entitled to the $49,273.59 cash consideration from Medical Liability Mutual Insurance Company's demutualization, plus interest for the time the proceeds were in escrow, and defendant's claim thereto is invalid.