Columbia Mem. Hosp. v Hinds (2020 NY Slip Op 06329)





Columbia Mem. Hosp. v Hinds


2020 NY Slip Op 06329


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

530190

[*1]Columbia Memorial Hospital, Appellant,
v
Marcel E. Hinds, Respondent.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Garfunkel Wild, PC, Great Neck (Jason Hsi of counsel), for appellant.
Weiss Zarett Brofman Sonnenklar & Levy, PC, New Hyde Park (Seth A. Nadel of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Supreme Court (Zwack, J.), entered September 12, 2019 in Columbia County, which, among other things, granted defendant's motion to dismiss the complaint.
Defendant, an obstetrics/gynecology physician, was employed by plaintiff from August 2012 through August 2017. Pursuant to defendant's employment agreement with plaintiff, defendant was to be paid a base salary plus incentive compensation, and plaintiff was required to, as relevant here, procure, maintain and pay the premiums for a professional liability insurance policy on defendant's behalf. Pursuant thereto, plaintiff procured a professional liability insurance policy from Medical Liability Mutual Insurance Company (hereinafter MLMIC) naming defendant as the sole policyholder and thereafter served as policy administrator, ensuring, among other things, that the premiums with respect thereto were paid throughout the duration of defendant's employment with plaintiff.
In 2016, it was announced that National Indemnity Company would be acquiring MLMIC and, as part of said transaction, MLMIC would be converted or "demutualized" from a mutual insurance company to a stock insurance company. In July 2016, in accord with Insurance Law § 7307 (e) (3), MLMIC applied to the Department of Financial Services for permission to file a plan of conversion, which provided, in relevant part, that eligible policyholders or their "designees," between July 2013 and July 2016, would receive cash consideration in exchange for the extinguishment of their policyholder membership interests. Pursuant to the controlling valuation formula, the amount of cash consideration to be paid with respect to the subject policy was $412,418.93 (hereinafter the MLMIC funds). Plaintiff, as policy administrator, subsequently made three separate requests to have defendant, as the sole policy holder, designate or assign his interest in the MLMIC funds to plaintiff; however, no such assignment was ever executed. Pursuant to the dispute resolution procedure provided for in the conversion plan, plaintiff objected to the distribution of the MLMIC funds to defendant and, in turn, MLMIC placed said funds in escrow pending resolution of the dispute.[FN1]
Plaintiff thereafter commenced this declaratory judgment action asserting that, as policy administrator, it is entitled to receive the MLMIC funds as it paid for the policy's premiums and controlled and/or administered the policy during the course of defendant's employment, and, pursuant to the parties' employment agreement, defendant was not entitled to any additional monies following his separation from employment. Plaintiff also asserted causes of action for unjust enrichment, money had and received and breach of the implied covenant of good faith and fair dealing. Defendant filed a pre-answer motion to dismiss the complaint, alleging that the complaint failed to state a cause of action (see CPLR 3211 [a] [7]) and that plaintiff's claims failed based upon documentary evidence (see CPLR 3211 [a] [1]). Supreme Court granted defendant's motion, declared that defendant was entitled to the MLMIC funds and dismissed plaintiff's complaint. Plaintiff appeals.
We affirm. As relevant here, Insurance Law § 7307 (e) (3) provides that, when a mutual insurance company converts to a stock insurance company, a plan of conversion "shall . . . provide that each person who had a policy of insurance in effect at any time during the three year period immediately preceding the date of adoption of the [conversion] resolution . . . shall be entitled to receive in exchange for such equitable share, without additional payment, consideration payable in voting common shares of the insurer or other consideration, or both." Even if we accept as true plaintiff's contention that it is entitled to payment of the MLMIC funds because it paid the premiums for the subject policy, which we must on a motion to dismiss (see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [2016]; SUS, Inc. v St. Paul Travelers Group, 75 AD3d 740, 741 [2010]), this Court recently concluded in Schoch v Lake Champlain OB-GYN, P.C. (184 AD3d 338, 342-344 [2020]) that entitlement to the MLMIC funds is not contingent on who paid the premiums for the subject policy. Rather, the sole policyholder, here, defendant, is entitled to receive said funds unless he or she executed an assignment of such rights to third party (see Insurance Law § 7307). Given the documentary evidence establishing that defendant was the named policyholder and specifically declined to execute any assignment of his right to receive the MLMIC funds, he was statutorily entitled to receive same (see Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d at 342-343; Maple-Gate Anesthesiologists, P.C. v. Nasrin, 182 AD3d 984, 985 [2020]).
To the extent that plaintiff contends that this Court should follow precedent from another Department so as to grant it entitlement to the MLMIC funds (see Matter of Schaffer, Schonholz & Drossman, LLP v Title, 171 AD3d 465, 465 [1st Dept 2019]; see also Wyckoff Heights Med. Ctr. v Monroe, ___ Misc 3d ___, 2020 NY Slip Op 32580[U] [Sup Ct, Kings County 2020]), we disagree with the legal analysis contained therein and are not bound by that decision (see Shoback v Broome Obstetrics & Gynecology, P.C., 184 AD3d 1000, 1001 [2020]). Instead, for the reasons stated in Schoch v Lake Champlain OB-GYN, P.C. (184 AD3d at 343-344), decided together with Shoback v Broome Obstetrics & Gynecology, P.C. (184 AD3d at 1001-1002), we find that plaintiff failed to establish any legal or equitable right to distribution of the MLMIC funds and, as such, Supreme Court appropriately granted defendant's motion to dismiss the complaint.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: MLMIC ultimately received regulatory approval from the Department of Financial Services and policyholder approval for its plan to convert to a stock company, and MLMIC's demutualization was thereafter completed.