Park Ave. Assoc. in Radiology, P.C. v Nicholson (2021 NY Slip Op 07331)





Park Ave. Assoc. in Radiology, P.C. v Nicholson


2021 NY Slip Op 07331


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532181
[*1]Park Avenue Associates in Radiology, P.C., Appellant,
v
Peter Joseph Nicholson, Respondent, et al., Defendants.

Calendar Date:November 16, 2021

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Jeffrey A. Jaketic of counsel), for appellant.
Nolan Heller Kaufman LLP, Albany (Justin A. Heller of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Tait, J.), entered October 6, 2020 in Broome County, which, among other things, granted defendant Peter Joseph Nicholson's motion for summary judgment on his counterclaim and dismissing the complaint.
Defendant Peter Joseph Nicholson (hereinafter defendant), a physician, was employed by plaintiff from September 2012 through September 2017. One of the terms of their employment agreement required plaintiff to pay for defendant's malpractice insurance. Plaintiff satisfied that term by obtaining, from defendant Medical Liability Mutual Insurance Company (hereinafter MLMIC), a malpractice policy that listed defendant as the sole insured. Plaintiff was designated as the policy administrator and paid all the premiums on that MLMIC policy. When MLMIC converted from a mutual insurance company to a stock insurance company, the conversion plan provided that each policyholder would receive a cash consideration in exchange for the extinguishment of his or her policyholder membership interest. Defendant refused plaintiff's request that he sign a consent form designating plaintiff as the recipient of the cash consideration. MLMIC placed the funds in escrow pending resolution of the dispute.
Plaintiff thereafter commenced this declaratory judgment action asserting that it is entitled to receive the MLMIC funds. Plaintiff also asserted causes of action for, among other things, breach of contract and unjust enrichment. Defendant answered and asserted a counterclaim seeking a declaratory judgment that he is entitled to the MLMIC funds. Defendant subsequently moved for summary judgment on his counterclaim and dismissing the complaint. Plaintiff cross-moved for summary judgment. Supreme Court granted defendant's motion and denied the cross motion, based on this Court's recent decisions involving MLMIC's demutualization (Columbia Mem. Hosp. v Hinds, 188 AD3d 1337 [2020], lv granted 36 NY3d 904 [2021]; Shoback v Broome Obstetrics & Gynecology, P.C., 184 AD3d 1000, 1001 [2020]; Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d 338, 342-344 [2020], lv granted 38 NY3d 918 [2020]). Plaintiff appeals.
This Court previously rejected unjust enrichment claims under the same circumstances (see Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d at 345-347), as has the Second Department (see Maple Med., LLP v Scott, 191 AD3d 81, 98-105 [2020]); we specifically declined to follow the First Department's holding to the contrary (see Shoback v Broome Obstetrics & Gynecology, P.C., 184 AD3d at 1001, citing Matter of Schaffer, Schonholz & Drossman, LLP v Title, 171 AD3d 465, 465 [2019]; Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d at 346-347). Our prior cases held that, pursuant to the relevant statute and MLMIC's conversion plan, the sole policyholder was entitled to receive the MLMIC cash consideration "unless he or she executed an assignment of such rights to [a] third party" (Columbia Mem. Hosp. v Hinds, 188 AD3d at 1338; see [*2]Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d at 342). We reject plaintiff's request that we overrule our prior decisions on this topic.[FN1] Notably, they are supported by well-reasoned decisions from two other Departments (see Maple Med., LLP v Scott, supra; Maple-Gate Anesthesiologists, P.C. v Nasrin, 182 AD3d 984 [2020]), and contradicted by only one brief decision from the First Department (Matter of Schaffer, Schonholz & Drossman, LLP v Title, supra).
Plaintiff's breach of contract cause of action is intertwined with the assertion that defendant assigned plaintiff his rights in the MLMIC funds through the employment agreement. Plaintiff acknowledges that the agreement "does not contain an express term allocating [d]emutualization [p]roceeds" and that the parties failed to anticipate demutualization. Nonetheless, plaintiff asserts that this Court should imply a contract term, based on the parties' conduct and course of dealing, that would allow plaintiff to receive the MLMIC funds. "In order that an unexpressed term may be implied and inserted in a contract, the implication must arise from the language employed in the expressed terms of the contract, or be indispensable to effectuate the intention of the parties" (Matter of Robinson v Estate of Hayes, 207 App Div 718, 721 [1924], affd 239 NY 512 [1924]; see Herbert Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co., 21 AD2d 160, 165 [1964], affd 17 NY2d 857 [1966]). Neither situation exists here. The agreement fully addressed plaintiff and defendant's employment relationship without mention of a potential demutualization of the malpractice insurer. "Even where a contingency has been omitted, [courts] will not necessarily imply a term since courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001] [internal quotation marks and citations omitted]). The employment agreement here specifically states that it contains plaintiff and defendant's entire agreement and may not be changed except by a signed writing. It would be improper for a court to insert into the unambiguous agreement a new term that these parties never envisioned.[FN2] Defendant did not otherwise assign his rights in the MLMIC funds to plaintiff. Accordingly, Supreme Court properly determined that defendant was entitled to summary judgment dismissing the complaint, including the breach of contract cause of action.[FN3] However, as both parties sought a declaration regarding their rights, we will make a declaration.
Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs, and it is declared that defendant Peter Joseph Nicholson is solely entitled to the cash consideration from defendant Medical Liability Mutual Insurance Company's demutualization, plus interest for the time the proceeds were in escrow[*3], and plaintiff's claim thereto is invalid.



Footnotes

Footnote 1: The Court of Appeals has granted leave in two such cases (Columbia Mem. Hosp. v Hinds, supra; Schoch v Lake Champlain OB-GYN, P.C., supra), and those appeals are pending.

Footnote 2: Although some courts have construed contract language to accord with what would have been the parties' intent had they anticipated the eventual occurrence of a situation, even such a construction "may be done only within the language of the agreements between the parties" (Herbert Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co., 21 AD2d 160, 165 [1964], affd 17 NY2d 857 [1966]). This is not a situation where no current written contract exists between the parties, requiring that a contract be implied in fact by the parties' actions (compare Capital Med. Sys. v Fuji Med. Sys., U.S.A., 239 AD2d 743, 745 [1997]), nor does the agreement contain ambiguities that must be explained by parol evidence (see Telemundo Group v Alden Press, 181 AD2d 453, 455 [1992]).

Footnote 3: Although plaintiff asserts, in the alternative, that summary judgment is premature because no discovery has taken place, the motion can be determined on undisputed facts and the documentary evidence, so discovery is unnecessary. In any event, plaintiff cannot reasonably complain that it was deprived of the opportunity to conduct discovery, considering that it did not make any discovery demands for more than a year after defendant answered.