Matter of Oneida Health Sys., Inc. (Hazem Qalla) (2022 NY Slip Op 00343)





Matter of Oneida Health Sys., Inc. (Hazem Qalla)


2022 NY Slip Op 00343


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

531460 531758
[*1]In the Matter of the Arbitration Between Oneida Health Systems, Inc., Doing Business as Oneida Healthcare Center, Respondent- Appellant, and Hazem Qalla, Appellant- Respondent.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Cohen Compagni Beckman Appler & Knoll, PLLC, Syracuse (Andrew Knoll of counsel), for appellant-respondent.
Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for respondent-appellant.



Clark, J.
(1) Appeal from an order of the Supreme Court (Cerio Jr., J.), entered May 18, 2020 in Madison County, which, among other things, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and (2) cross appeals from an order of said court, entered August 3, 2020 in Madison County, which, among other things, granted respondent's motion to renew, vacated the prior order and confirmed the arbitration award.
Respondent, a physician, was employed by petitioner from September 2013 into December 2017. One of the terms of the parties' employment agreement required petitioner to procure, maintain and pay the premiums for a professional liability insurance policy on respondent's behalf. Petitioner procured such a policy from Medical Liability Mutual Insurance Company (hereinafter MLMIC), and that policy named respondent as the sole insured and petitioner as the policy administrator. As we have previously discussed at length (Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d 338 [2020], lv granted 35 NY3d 918 [2020]), MLMIC converted from a mutual insurance company to a stock insurance company in 2016, and its state-approved conversion plan provided that MLMIC policyholders from July 2013 to July 2016, or a policyholder's designee, would receive cash consideration in exchange for the extinguishment of the policyholder's membership interest (see generally Insurance Law § 7307 [e] [3]). A dispute arose between petitioner and respondent over who was entitled to receive the cash consideration for the subject policy, and petitioner demanded arbitration on the issue in accordance with the employment agreement while MLMIC placed the demutualization proceeds in escrow pursuant to the terms of the conversion plan. In December 2019, an arbitrator decided in favor of respondent, adopting the rationale in Maple-Gate Anesthesiologists, P.C. v Nasrin (63 Misc 3d 703 [Sup Ct, Erie County 2019], affd 182 AD3d 984 [2020]), that payment of insurance premiums alone does not demonstrate entitlement to the proceeds from MLMIC's demutualization (id. at 708-709), and expressly rejecting the First Department's holding in Matter of Schaffer, Schonholz & Drossman, LLP v Title (171 AD3d 465 [2019]) to the contrary.
Petitioner in turn filed an application to vacate the arbitration award, arguing that the arbitrator exceeded its authority by failing to comply with New York law, and, thus, the parties' agreement to utilize said law in the event of an arbitration, and that the award itself also violated state law (see generally CPLR 7511 [b] [1] [iii]). Respondent answered and sought confirmation of the arbitration award, statutory interest and legal fees. Supreme Court ultimately concluded that, in deciding the matter based upon New York law, the arbitrator was duty-bound to follow Matter of Schaffer, the facts of which fully comport with the instant matter, and, in failing to do so, the arbitrator failed to follow the parties' agreement and the law of [*2]this state, thereby exceeding his power. In May 2020, the court accordingly vacated the arbitration award, ordering that the demutualization proceeds be distributed to petitioner.
Respondent then filed two motions. He first sought leave to reargue based upon Supreme Court's alleged misapplication of the law in concluding that an arbitrator was bound by legal precedent, or stare decisis. Shortly thereafter, this Court issued two decisions that declined to follow Matter of Schaffer — Shoback v Broome Obstetrics & Gynecology, P.C. (184 AD3d 1000 [2020]) and Schoch v Lake Champlain OB-GYN, P.C. (supra) — prompting respondent's second motion, which sought leave to renew based upon a change in the law. In August 2020, Supreme Court granted respondent leave to reargue but ultimately concluded that he failed to meet his burden on reargument; however, citing this Court's decision in Schoch, the court granted respondent's motion to renew, vacated its prior order and confirmed the arbitration award made in respondent's favor, dismissing petitioner's application. Respondent appeals from the May 2020 order and from so much of the August 2020 order as denied his motion to reargue and failed to award him statutory interest, and petitioner cross-appeals from the August 2020 order.
Petitioner does not direct any specific argument at Supreme Court's discretionary determination to grant respondent's renewal motion (see generally Johnson v DiNapoli, 186 AD3d 1763, 1764-1765 [2020]), instead generally contending that it should be found to be a policyholder entitled to the proceeds from the MLMIC demutualization process under these facts and that payment to respondent would result in his unjust enrichment. By the time Supreme Court was presented with respondent's motion for leave to renew, the law it previously relied upon was no longer controlling in this Department, and we are not persuaded by petitioner's attempts to distinguish the instant matter from Schoch or Shoback.[FN1] It therefore cannot be said that Supreme Court abused its discretion in granting renewal and vacating its prior order under these circumstances, thereby aligning its conclusion that the parties' agreement requires the application of state law with the state law that actually controls (see CPLR 2221 [e] [2]; see e.g. A.A. v New York City Health & Hosps. Corp. [Jacobi Hosp. Ctr.], 189 AD3d 426, 427 [2020]; U.S. Bank Trust, N.A. v Deceus, 186 AD3d 1450, 1450-1451 [2020]). Given the limited role of the Judiciary in matters of arbitration (see CPLR 7510; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70-71 [2020]), the foregoing change in law and the evidence establishing that respondent was the sole named policyholder of the subject policy and had not assigned his rights in the MLMIC demutualization proceeds, Supreme Court also properly confirmed the arbitration award in his favor (cf. Columbia Mem. Hosp. v Hinds, 188 AD3d 1337, 1338-1339 [2020], lv granted 36 NY3d [*3]904 [2021]; Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d at 342-344; Maple-Gate Anesthesiologists, P.C. v Nasrin, 182 AD3d 984, 985-986 [2020]).
Turning lastly to respondent's claims, his appeal from the May 2020 order has been rendered moot by the entry of the August 2020 order vacating it and therefore must be dismissed (see Oppenheim v Pemberton, 154 AD2d 843, 843 [1989]; see also Alvarez v XL Specialty Ins. Co., 195 AD3d 512, 512 [2021]; Matter of State of New York v Richard TT., 127 AD3d 1528, 1528-1529 [2015]; Fidata Trust Co. Mass. v Leahy Bus. Archives, 187 AD2d 270, 271 [1992]). His arguments concerning Supreme Court's adherence to its prior decision upon reargument are academic in light of the court's confirmation of the arbitration award pursuant to respondent's renewal motion, and we therefore do not address those arguments so as to render the advisory opinion that respondent seeks (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]).[FN2] As to his statutory interest argument, the cash consideration to which respondent is entitled is not a sum awarded against petitioner, petitioner having never held the demutualization proceeds from the subject policy, rendering interest pursuant to CPLR 5001 (a) inappropriate (see Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583, 589-590 [2007]; see generally Toledo v Iglesia Ni Christo, 18 NY3d 363, 369 [2012]). For similar reasons, CPLR 5002 and 5003, respectively providing for interest upon a verdict or decision until a judgment is issued and interest on the judgment until the judgment is paid, also do not apply. The parties' remaining contentions, to the extent that they are properly before us and not addressed expressly herein, have been evaluated and determined to be without merit.
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal from the May 18, 2020 order is dismissed, as moot, without costs.
ORDERED that the August 3, 2020 order is affirmed, without costs.



Footnotes

Footnote 1: All Departments but the First Department have now held that the named policyholder — here, respondent — is entitled to receive the funds from MLMIC's demutualization unless that policyholder assigned their rights to a third party, irrespective of who paid the premiums for the subject policy (see Park Ave. Assoc. in Radiology, P.C. v Nicholson, ___ AD3d ___, ___, 2021 NY Slip Op 07331, *1 [2021]; Maple Med., LLP v Scott, 191 AD3d 81, 98-105 [2d Dept 2020]; Columbia Mem. Hosp. v Hinds, 188 AD3d 1337, 1338-1339 [2020], lv granted 36 NY3d 904 [2021]; Shoback v Broome Obstetrics & Gynecology, P.C., 184 AD3d at 1001; Schoch v Lake Champlain OB-GYN, P.C., 184 AD3d at 342-343; Maple-Gate Anesthesiologists, P.C. v Nasrin, 182 AD3d 984, 985-986 [4th Dept 2020]; see also Insurance Law § 7307 [e] [3]).

Footnote 2: We are aware that the Court of Appeals has granted leave to appeal in Columbia Mem. Hosp. and Schoch, but a change in law at some unknowable point in the future, something that is certainly always a possibility, does not warrant a different conclusion as to aggreviablity, as respondent may urge (see Porco v Lifetime Entertainment Servs., LLC, 176 AD3d 1274, 1276 [2019]; Hermitage Ins. Co. v 186-190 Lenox Rd., LLC, 142 AD3d 422, 424 [2016]; Matter of American Univ. of Antigua v CGFNS Intl., 126 AD3d 1146, 1150 [2015]; Matter of Landis [Debora], 114 AD3d 458, 459 [2014]; Matter of Battisti, 112 AD2d 635, 636 [1985], appeal dismissed 67 NY2d 674 [1986]).