Ball v New York State Dept. of Health

2026 NY Slip Op 02494

April 23, 2026

Appellate Division, Third Department

Mcshan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Justin Ball, Respondent,

v

New York State Department of Health, Appellant.

Decided and Entered:April 23, 2026

CV-25-0810

Calendar Date: February 10, 2026

Before: Clark, J.P., Aarons, Pritzker, Mcshan And Corcoran, JJ.

Letitia James, Attorney General, Albany (Victor Paladino of counsel), for appellant.

Pinsky Law Group, PLLC, Syracuse (Bradley M. Pinsky of counsel), for respondent.

[*1]

McShan, J.

Appeal from an order of the Supreme Court (Thomas Marcelle, J.), entered April 15, 2025 in Schoharie County, which declared, among other things, that the Seventh Amendment to the US Constitution entitles plaintiff to a civil jury trial in a pending administrative license revocation proceeding.

Plaintiff is a certified emergency medical technician (hereinafter EMT). In May 2024, he responded to a call for help from a 63-year-old man (hereinafter the patient) who was allegedly unable to get up after having fallen down. According to defendant, upon responding, plaintiff believed that the patient was faking his condition and, rather than providing any meaningful assistance to the patient, plaintiff ridiculed him and offered minimal, rough aid. Meanwhile, the patient, who had great difficulty moving, sustained injuries as he slid down a flight of stairs, climbed unassisted into the ambulance and attempted to lift himself onto the stretcher. Only when a neighbor intervened did plaintiff cease his mocking and transport the patient to a hospital, where the patient was admitted upon a determination that he was genuinely ill. Plaintiff later returned to the hospital and recorded a conversation with the patient as part of an unsuccessful effort to elicit statements describing plaintiff's earlier actions in a favorable light.

The patient thereafter submitted a complaint to defendant, prompting defendant to serve plaintiff with a notice of hearing and statement of charges alleging that plaintiff committed numerous regulatory violations during the May 2024 emergency call and informing plaintiff that he could be subject to fines and "other action . . . as authorized by the [Public Health Law]," including revocation of his EMT license. Rather than proceed with the administrative hearing, plaintiff commenced this action against defendant seeking a judgment declaring, among other things, that he is entitled to a jury trial under the Seventh Amendment to the US Constitution and article I, § 2 of the NY Constitution. By order to show cause, plaintiff sought a temporary restraining order staying the administrative proceeding, which Supreme Court granted, and moved for a preliminary injunction. The parties agreed that the court would issue a single decision on the injunction and the final disposition of the matter. After defendant cross-moved to dismiss the complaint for failure to state a cause of action, plaintiff served an amended complaint.FN1

Supreme Court agreed with plaintiff, declaring that the Seventh Amendment to the US Constitution, as made applicable to the states through the Due Process Clause of the Fourteenth Amendment, entitles plaintiff to a civil jury trial in Supreme Court to determine whether he is liable for and subject to civil penalties and revocation of his EMT license under the Public Health Law and related regulations. The court also enjoined defendant from taking any action inconsistent with its declaration. Defendant appeals.

Defendant argues [*2]that Supreme Court improperly disregarded binding precedent from the Supreme Court of the United States that the Seventh Amendment does not apply to the states. We agree. The Seventh Amendment to the US Constitution preserves the right of trial by jury in suits at common law where the value of the controversy exceeds $20 (see US Const, 7th Amend). Longstanding precedent from the Supreme Court of the United States holds that the Seventh Amendment "applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same"(Minneapolis & St. Louis R. Co. v Bombolis, 241 US 211, 217 [1916]; see Walker v Sauvinet, 92 US 90, 92 [1875]).

In determining that incorporation of the Seventh Amendment is an open question, Supreme Court framed those holdings as limited based on the fact that they were premised on the Fourteenth Amendment's Privileges or Immunities Clause and, to that end, "long predate the era of selective incorporation" through the Fourteenth Amendment's Due Process Clause (McDonald v Chicago, 561 US 742, 765 n 13 [2010]). However, the Supreme Court of the United States has expressly acknowledged that "[o]nly a handful of the Bill of Rights protections remain unincorporated," and among these is "the Seventh Amendment right to a jury trial in civil cases" (id. at 765 & n 13) and, notwithstanding the "debates [that might] exist around the edges" with respect to the mechanism and extent of incorporation, there is no dispute that the holding in Minneapolis & St. Louis R. Co. v Bombolis remains "on the books" (Thomas v Humboldt County, California, 607 US ___, ___, 146 S Ct 27, 27, 28 [2025] [Gorsuch, J., statement respecting denial of cert]; see Timbs v Indiana, 586 US 146, 157 [2019] [Gorsuch, J., concurring]; Osborn v Haley, 549 US 225, 252 n 17 [2007]; City of Monterey v Del Monte Dunes at Monterey, Ltd., 526 US 687, 719 [1999]; Gasperini v Center for Humanities, Inc., 518 US 415, 432 & n 14 [1996]; Curtis v Loether, 415 US 189, 192 n 6 [1974]; see also Rivera v Centro MÉdico de Turabo, Inc., 575 F3d 10, 23 [1st Cir 2009]; Matter of Jacobs, 44 F3d 84, 89 [2d Cir 1994], cert denied 516 US 817 [1995]). In other words, the distinction relied upon by Supreme Court and whatever relevance it may hold does not constitute an invitation for lower courts to engage in the incorporation analysis. To the contrary, regardless of any premonition that such precedent might be revisited, lower courts should not, "on [their] own authority[,] . . . take[ ] the step of renouncing" precedent of the Supreme Court of the United States (Rodriguez de Quijas v Shearson/American Express, Inc., 490 US 477, 484 [1989]; see People v Kin Kan, 78 NY2d 54, 59-60 [1991]). When binding precedent "has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [courts] should follow the case which directly controls[*3], leaving to th[e Supreme] Court [of the United States] the prerogative of overruling its own decisions" (Rodriguez de Quijas v Shearson/American Express, Inc., 490 US at 484; accord Tenet v Doe, 544 US 1, 10-11 [2005]). To that end, as any future analysis addressing incorporation of the Seventh Amendment must be conducted by the Supreme Court of the United States and will necessarily involve that Court conducting its own stare decisis analysis (see e.g. McDonald v Chicago, 561 US at 784-785 & n 30; see also Gonzalez-Oyarzun v Caribbean City Builders, Inc., 798 F3d 26, 29 [1st Cir 2015]), we find that it was error for Supreme Court to intrude on that role.FN2

As an alternative ground for affirmance, plaintiff argues that article I, § 2 of the NY Constitution guarantees him the right to a jury trial in this matter because the nature of defendant's claims and its desire to impose civil penalties are rooted in common law.FN3 We find his argument unavailing. The NY Constitution provides that "[t]rial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever" (NY Const, art I, § 2). This language "guarantees a jury trial (1) in all those cases to which it would have traditionally been afforded under the common law before 1777, and (2) in all cases to which the Legislature by statute extended a right to a jury trial between 1777 and 1894" (Matter of DES Mkt. Share Litig., 79 NY2d 299, 304 [1992]; see Matter of State of New York v Myron P., 86 AD3d 26, 29-30 [3d Dept 2011], affd 20 NY3d 206 [2012]).

Relying on the first of these categories, plaintiff asserts that defendant, in essence, seeks to punish him for tortious conduct through the imposition of a civil penalty, which traditionally entailed a jury trial (see e.g. Colon v Lisk, 153 NY 188, 194 [1897]). What plaintiff fails to directly confront, however, is that the nature of this proceeding is predicated on a violation of the statutory scheme that regulates plaintiff's professional license and that the remedies sought are tethered thereto.FN4 Specifically, Public Health Law article 30 places the responsibility on defendant to regulate the provision of emergency medical services in the state (see Public Health Law §§ 3000-3034) and, in furtherance of that responsibility, defendant has promulgated regulations governing the training, examination and licensing of EMTs (see 10 NYCRR part 800). Those regulations further permit defendant's Bureau of Emergency Medical Services to suspend or revoke a license — and censure, reprimand or fine a license holder — after an administrative hearing conducted pursuant to Public Health Law § 12-a (see 10 NYCRR 800.16 [a]). Akin to such hearings, relevant common law establishes that professional organizations, including medical societies, were authorized to bring proceedings against their members arising from their licensure (see Matter of Smith, 10 Wend 449, 454-455 [NY Sup Ct of Judicature 1833];FN5see also [*4]People ex rel. Gray v Med. Soc. of Erie County, 24 Barb 570, 574 [Sup Ct 1857]; see generally People ex rel. Thacher v New York Commercial Assn., 18 Abb Prac 271, 271 [Sup Ct, NY County 1864]). Indeed, the right to a trial by jury provided in the NY Constitution does not extend to those proceedings concerning professional licensure "where the object is not the punishment of the offender, but to purge of an unworthy member a profession in which purity of conduct and character are all important" (Matter of Smith, 10 Wend at 454). The fact that plaintiff's alleged conduct may also form the basis for common-law claims sounding in tort does not alter the fact that this proceeding arises through defendant's statutory obligation to regulate EMT licenses. Accordingly, because plaintiff has failed to establish that a regulatory revocation proceeding for an EMT license is analogous to common-law cases traditionally entitled to trial by jury before 1777, plaintiff is not entitled to a jury trial under the NY Constitution (see Matter of DES Mkt. Share Litig., 79 NY2d at 304-305; Matter of State of New York v Myron P., 86 AD3d at 29-30).

Clark, J.P., Aarons, Pritzker and Corcoran, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, it is declared that neither the Seventh Amendment to the US Constitution nor article I, § 2 of the NY Constitution entitles plaintiff to a civil jury trial in his pending administrative license revocation proceeding, and motion to dismiss the complaint granted.

Footnotes

Footnote 1

Upon defendant's request, Supreme Court applied defendant's cross-motion to plaintiff's amended complaint.

Footnote 2

Moreover, when "no relevant precedent [is] available from this Court or the Court of Appeals," Supreme Court is "bound by the doctrine of stare decisis to apply precedent established in another Department" (Shoback v Broome Obstetrics & Gynecology, P.C., 184 AD3d 1000, 1001 [3d Dept 2020] [internal quotation marks and citation omitted]; see Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984]; see also People v Turner, 5 NY3d 476, 481-482 [2005]). The First and Second Departments have recognized that the Seventh Amendment is not applicable to cases tried in state courts (see Matter of Serby v City of New York, 215 AD3d 438, 439 [1st Dept 2023], lv denied 40 NY3d 907 [2023]; Shah v 20 E. 64th St., LLC, 198 AD3d 23, 40 [1st Dept 2021]; Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d 37, 51 n 6 [2d Dept 1995]). Accordingly, in the absence of relevant precedent from this Court, Supreme Court also erred in failing to apply the precedent established by the First and Second Departments (seePeople v Turner, 5 NY3d at 481-482; Shoback v Broome Obstetrics & Gynecology, P.C., 184 AD3d at 1001; Mountain View Coach Lines v Storms, 102 AD2d at 664).

Footnote 3

Supreme Court did not reach this issue in its decision.

Footnote 4

At oral argument, plaintiff argued that the recent holding of the Supreme Court of the United States in SEC v Jarkesy (603 US 109, 122-123 [2024]) establishes that defendant's decision to seek fines as part of the administrative proceeding implicates the common-law right to a jury. However, in light of our determination on the question of incorporation of the Seventh Amendment, that analysis is not controlling (seeMinneapolis & St. Louis R. Co. v Bombolis, 241 US at 217). Moreover, as discussed herein, the facts in SEC v Jarkesy are measurably different from those presented in this case. On that, we decline to speculate how the facts of this case, which, at its heart concerns the regulation of a professional license, might alter that analysis (see generally Chauffeurs, Teamsters and Helpers, Local No. 391 v Terry, 494 US 558, 571 & n 8 [1990]; N.L.R.B. v Jones & Laughlin Steel Corp., 301 US 1, 48 [1937]; Scott v Horseracing Integrity & Safety Auth., 2025 WL 2987598, *9, 2025 US Dist LEXIS 208979, *31-32 [D NM, Oct. 22, 2025, No. 2:25-CV-632 (SMD-GJF)]; Simfa Rose Pharm. Specialty, Inc. v Bondi, 2025 WL 2717151, *8, 2025 US Dist LEXIS 187655, *20 [SD Fla, Sept. 24, 2025, No. 0:23-CV-61531]).

Footnote 5

Established in 1691, the NY Supreme Court of Judicature was previously "the highest common-law court in the state" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 478 [2013]; see People ex rel. Folk v McNulty, 256 App Div 82, 89 [3d Dept 1939], affd 279 NY 563 [1939]).