Cayuga Med. Assoc., P.C. v Pollack (2022 NY Slip Op 05115)

Cayuga Med. Assoc., P.C. v Pollack

2022 NY Slip Op 05115

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

532094
[*1]Cayuga Medical Associates, P.C., Appellant,
v
Barry Jay Pollack et al., Defendants.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Harris Beach PLLC, Pittsford (Kyle D. Gooch of counsel), for appellant.

Lynch, J.
Appeal from an order of the Supreme Court (Gerald A. Keene, J.), entered September 4, 2020 in Tompkins County, which, among other things, granted motions by defendants James Anthony Della Valle and Barry Jay Pollack to renew, vacated the prior order and awarded said defendants a declaration in their favor.
Plaintiff employed defendant James Anthony Della Valle, as a specialist in family medicine and hospital medicine, and defendant Barry Jay Pollack, as a specialist in neurosurgery, and, pursuant to the employment agreements, was required to provide and pay the premiums for professional liability insurance coverage for them. To that end, plaintiff selected and purchased medical liability insurance policies through Medical Liability Mutual Insurance Company (hereinafter MLMIC) — which at the time was a mutual insurance company owned by its policyholders — and named Della Valle and Pollack (hereinafter collectively referred to as defendants), respectively, as the policyholders.
Thereafter, MLMIC converted from a mutual insurance company to a stock insurance company (see Insurance Law § 7307). MLMIC notified defendants of its conversion plan, which, in accordance with Insurance Law § 7307 (e) (3), provided that eligible policyholders between July 2013 and July 2016 would be entitled to receive cash consideration in exchange for termination of their membership interests. The notices specifically provided that if the policyholders had a "preference to have such distributions paid to a policy administrator" instead, they should "execute the enclosed consent form." Neither Pollack nor Della Valle executed such form. Consistent with extensive litigation that ensued among MLMIC named policyholders and their employers who paid the premiums, plaintiff commenced this declaratory judgment action asserting that it, not defendants, was entitled to the proceeds from MLMIC's demutualization, and also asserted causes of action for, among other things, breach of contract and unjust enrichment. Following joinder of issue, Supreme Court, among other things, granted plaintiff's motion for summary judgment on its declaratory judgment and unjust enrichment causes of action, finding that plaintiff was entitled to receipt of the demutualization cash proceeds. Based upon this Court's subsequent decisions in Schoch v Lake Champlain OB-GYN, P.C. (184 AD3d 338 [3d Dept 2020], affd 38 NY3d 253 [2022]) and Shoback v Broome Obstetrics & Gynecology, P.C. (184 AD3d 1000 [3d Dept 2020]), defendants filed motions to renew. Supreme Court granted the motions, vacated the prior order and awarded defendants a declaration in their favor that they were entitled to the demutualization proceeds. Plaintiff appeals.
Plaintiff has withdrawn its unjust enrichment theory of recovery and, for the reasons stated in Columbia Mem. Hosp. v Hinds (38 NY3d 253 [2022]), its assertion that it is entitled to the demutualization proceeds at issue is foreclosed. Insurance Law § 7307 (e) (3) entitles the [*2]policyholder to cash consideration when a mutual insurance company demutualizes, unless there are "contrary terms in the contract of employment, insurance policy, or [a] separate agreement" (Columbia Mem. Hosp. v Hinds, 38 NY3d at ___, 2022 NY Slip Op 03306 at *7). Plaintiff has not demonstrated the existence of any such agreement that would entitle it to the proceeds at issue. Accordingly, we affirm.
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.