Sneider v Great S. Bay Surgical Assoc. (2025 NY Slip Op 00692)

Sneider v Great S. Bay Surgical Assoc.

2025 NY Slip Op 00692

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-06313
 (Index No. 600728/19)

[*1]Erica Sneider, etc., et al., appellants, 
v
Great South Bay Surgical Associates and Vascular Lab, LLP, respondent.

Nolan Heller Kauffman LLP, Albany, NY (Justin A. Heller and Brian D. Deinhart of counsel), for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Mark S. Mulholland, Ross J. Kartez, and Elizabeth S. Sy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, breach of fiduciary duty, and unjust enrichment, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered August 7, 2020. The order and judgment granted the defendant's motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that the defendant is the proper recipient of certain proceeds, and declared that the defendant is the proper recipient of certain proceeds.
ORDERED that the order and judgment is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that the defendant is the proper recipient of certain proceeds is denied.
The plaintiffs are physicians formerly employed by the defendant, Great South Bay Surgical Associates and Vascular Lab, LLP (hereinafter GSB). One of the terms of the plaintiffs' respective employment agreements required GSB to obtain and pay for a malpractice insurance policy for each plaintiff. GSB procured a policy from Medical Liability Mutual Insurance Company (hereinafter MLMIC) for each plaintiff. The plaintiffs were named as the policyholder of their respective policies while GSB, pursuant to a policy administrator designation form signed by each plaintiff, was named as policy administrator. The plaintiffs eventually left GSB's employment and requested that their malpractice policies be canceled.
MLMIC thereafter converted from a mutual insurance company to a stock insurance company. Its state-approved conversion plan (hereinafter the conversion plan) provided that eligible MLMIC policyholders, or their designees, would receive cash consideration in exchange for the extinguishment of the policyholder's membership interest (see generally Insurance Law § 7307[e][3]).
In June 2018, GSB received policyholder information statements from MLMIC providing notice of the conversion plan and explaining, inter alia, that the plaintiffs were eligible policyholders and that they were entitled to receive cash consideration as part of the conversion plan. [*2]A separate notice dated June 29, 2018, from MLMIC addressed to policyholders (hereinafter the June 2018 notice) specifically stated that if the policyholders had a "preference to have such distributions paid to a policy administrator as a matter of convenience or as a result of contractual obligations between you [policyholder] and your policy administrator," they should "execute the enclosed consent form." GSB did not forward the policy information statements or the June 2018 notices to the plaintiffs. GSB also allegedly advised the plaintiffs that they needed to sign the consent forms and return them as soon as possible, and that the consent was an administrative necessity related to GSB's receipt of a refund for overpayment of malpractice insurance premiums. The plaintiffs signed the consent forms and MLMIC distributed the cash consideration to GSB. Shortly thereafter, the plaintiffs' counsel wrote to GSB demanding that it turn over the cash consideration. GSB did not do so.
In January 2019, the plaintiffs commenced this action against GSB, asserting causes of action to recover damages for conversion, fraudulent misrepresentation, breach of fiduciary duty, constructive fraud, negligent misrepresentation, fraudulent omission and/or concealment, and unjust enrichment. GSB interposed an answer in which it asserted a counterclaim for a judgment declaring that GSB was the proper recipient of the distribution proceeds.
GSB moved for summary judgment dismissing the complaint and on its counterclaim. The plaintiffs opposed the motion. By order and judgment entered August 7, 2020, the Supreme Court, relying upon the decision of the Appellate Division, First Department, in Matter of Schaffer, Schonholz & Drossman, LLP v Title (171 AD3d 465), which addressed a dispute over the cash consideration due under the conversion plan, granted GSB's motion and declared that GSB was the proper recipient of the distribution proceeds. The plaintiffs appeal.
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see 98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 649). Where a fraud cause of action is based on an omission or concealment of material fact, the plaintiff must also allege that the defendant had a duty to disclose material information and failed to do so (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179; 98 Gates Ave. Corp. v Bryan, 225 AD3d at 649). "The elements of a cause of action to recover for constructive fraud are the same as those to recover for actual fraud with the crucial exception that the element of scienter upon the part of the defendant, his [or her] knowledge of the falsity of his [or her] representation, is dropped . . . and is replaced by a requirement that the plaintiff prove the existence of a fiduciary or confidential relationship warranting the trusting party to repose his [or her] confidence in the defendant and therefore to relax the care and vigilance he [or she] would ordinarily exercise in the circumstances" (Levin v Kitsis, 82 AD3d 1051, 1054 [internal quotation marks omitted]). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Weinberg v Picker, 172 AD3d 784, 788 [alterations and internal quotation marks omitted]). "Agency is a legal relationship between a principal and an agent. It is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act" (Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 58 [internal quotation marks omitted]).
"A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Spilman v Matyas, 212 AD3d 859, 860 [internal quotation marks omitted]). In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Stukas v Streiter, 83 AD3d 18, 23).
Here, as a result of the decision of the Court of Appeals in Columbia Mem. Hosp. v [*3]Hinds (38 NY3d 253), GSB is foreclosed from raising the argument, premised on Schaffer, Schonholz & Drossman, LLP, that it is entitled to the cash consideration because it had paid the insurance premiums (see Cayuga Med. Assoc., P.C. v Pollack, 208 AD3d 1394, 1395). Accordingly, to have prevailed on its motion, GSB was required to demonstrate the absence of material issues of fact as to whether the plaintiffs assigned their rights to the cash consideration to GSB by executing the consent forms (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see also Columbia Mem. Hosp. v Hinds, 38 NY3d at 277).
Viewing the evidence in the light most favorable to the plaintiffs as the nonmovants, GSB failed to establish, prima facie, that the plaintiffs assigned their rights to the cash consideration to GSB. The consent form, on its face, provided that each plaintiff, as policyholder, designated GSB "as agent to receive any distribution." The June 2018 notice, which was meant to accompany the consent form, but which allegedly was never provided to the plaintiffs by GSB, explained that the consent form was to be executed if the distribution was to be paid to a policy administrator "as a matter of convenience or as a result of contractual obligations between you [policyholder] and your policy administrator." Thus, the June 2018 notice confirmed that the consent form could serve merely to appoint the policy administrator as an agent to receive the distribution as a matter of convenience. Moreover, GSB failed to demonstrate that the plaintiffs had a "contractual obligation" to assign their rights to the cash consideration to GSB (see Columbia Mem. Hosp. v Hinds, 38 NY3d at 273).
Further, the plaintiffs demonstrated, through their submissions, the existence of triable issues of fact including, inter alia, whether GSB made misrepresentations of material fact to the plaintiffs, whether GSB fraudulently concealed material facts from the plaintiffs, whether the plaintiffs justifiably relied on the misrepresentations, and whether there was a fiduciary relationship between the plaintiffs and GSB.
Accordingly, the Supreme Court should have denied GSB's motion for summary judgment dismissing the complaint and on its counterclaim for a judgment declaring that it was the proper recipient of the distribution proceeds.
Given this Court's determination that triable issues of fact exist, we decline the plaintiffs' request to search the record and award them summary judgment on the complaint.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court